### THE ALICE STRONG.

### GREENHALGH et al. v. THE ALICE STRONG.

#### (District Court, N. D. Ohio, E. D. May 23, 1893.)

#### No. 1,995.

1. ADMIRALTY—PRACTICE—ASSIGNMENT TO PROCTOR OUT OF PROCEEDS—LIEN.
   An assignment by the libelant in an admiralty case, who has reasonable assurance that he is entitled to recover a certain amount, of a definite sum to his counsel for professional services, to be paid out of any recovery that might be had, is sufficiently certain, and on sufficient consideration, to support a lien on the proceeds. Kendall v. U. S., 7 Wall. 113, distinguished.

2. SAME—PRIORITY.
   The lien of such an assignment has priority over the claim of a judgment creditor in a state court, who subsequently files his intervening petition in admiralty, after the court has decided that libelant is entitled to recover some amount on his libel.

In Admiralty. Libel by Robert Greenhalgh against the steam barge Alice Strong. Heard on exceptions to an intervening petition by Thomas R. Toare and M. Thomas against the proceeds. Exceptions sustained.

Goulder & Holding, for libelant.

Ong & Hamilton, for respondent.

RICKS, District Judge. This case is now before the court upon the exceptions of the libelant to an intervening petition filed by Thomas R. Toare and M. Thomas against the proceeds of the barge Alice Strong, which are now in the registry of the court. These exceptions are filed by the proctor for the libelant, who claims as the basis for his exceptions that on the 26th day of January, 1893, the libelant gave to him, by written assignment, an interest, to the extent of $300, in any decree which he might recover against the respondent. This written assignment was duly filed on the date named, and minute of the filing was made upon the docket of the court. On the same day an assignment was likewise filed by the libelant, in favor of John Thomson, in the sum of $136.75, for which amount the libelant assigned, by written instrument, an interest to that extent in any decree which might be entered in his favor in this case in this court. Similar memorandum of the filing and execution of the assignment was made upon the dockets of the court. The intervening petition of Toare et al. was filed on the 6th day of May of this year, some time after, according to the opinion of this court, libelant was entitled to a decree for some amount against the respondent. Said petition avers that the petitioners are judgment

creditors of the libelant in this case to the amount of $269.10, for which sum they recovered a judgment before a justice of the peace in and for the county of Cuyahoga, and that upon said judgment they filed a creditor's petition in the court of common pleas, seeking to reach whatever surplus proceeds there might be due the libelant in this case in this court, by injunction and process served upon the libelant.

It is first important to consider whether the assignments of the libelant made to Goulder and Thomson are valid and binding. I see no reason for doubting either the consideration for which those assignments were made, or the fact that they are effective, in law, in transferring to the assignees an interest, to the extent named, in whatever fund or decree there might be found in libelant's favor. It is contended that the assignment being for only a part of the decree, and the decree being for an uncertain amount, it did not convey any such interest to the assignees as gives them priority of lien on the fund in question. Cases are cited by counsel to support this proposition, but these cases rest upon quite a different principle. They are cases in which the claim assigned was unliquidated, had not been consented to by the debtor party, and were vague and uncertain in amount. In the case of Kendall v. U. S., 7 Wall. 113, the claim was for fees due the Kendalls for prosecuting a claim due from the United States to a certain band of Indians. The United States had not recognized the validity of Kendall's claim. The Indians had not agreed upon the sum due the claimant, and there were therefore these two elements wanting, necessary to a valid assignment. So, in the other cases cited, the same principle is adjudicated. But here we have a claim, the amount of which is assented to by the assignor; the consideration, the court knows judicially, is, at least in part, just and meritorious; and the decree or fund out of which the assignment was to be paid is sufficiently definite to support a lien or transfer from the assignor. I do not understand counsel to contend that the consideration is not good. Services were rendered the libelant in this case, and in other cases, as stated in the assignment. In the absence of proof to the contrary, and in view of the professional services rendered in this case, of which the court can take judicial notice, I think there is no trouble in disposing of the question as to there being a valid consideration for this assignment. At the time the assignment was made, this case had been tried, and was taken under advisement by the court. The libelant claimed—with reasonable assurance, certainly—that he was entitled to recover a certain amount from the respondent. The interest assigned was certainly not, therefore, so vague and mythical as to be wholly insufficient to support an assignment.

I therefore think that the assignees, Messrs. Goulder and Thomson, having shown an assignment long prior to that of the judgment secured by the interveners, have the first lien upon the funds in the registry of the court, in this case. This is sufficient to dispose of this controversy.

Counsel for the interveners are very anxious that the court should dispose of the question of their right to intervene as judgment creditors against the fund in this case. This is a very interesting question, and, if the court had more time at its disposal, I would be glad to consider and decide fully this question; but it is well enough to call attention to a few general principles which may throw some light upon this question. In the Lottawanna Case, 20 Wall. 201, the supreme court of the United States held:

"Beyond doubt, maritime liens upon the property sold by the order of the admiralty court follow the proceeds; but the proceeds arising from such a sale, if the title of the owner is unincumbered, and not subject to any maritime lien of any kind, belong to the owner, as the admiralty courts are not courts of bankruptcy or of insolvency, nor are they invested with any jurisdiction to distribute such property of the owner, any more than any other property belonging to him, among his creditors. Such proceeds, if unaffected by any lien, when all legal claims upon the fund are discharged, become, by operation of law, the absolute property of the owner."

The consideration for the judgment which the interveners set up in this case is not disclosed in their petition, but I assume that it was not a maritime lien, or it would have been so averred. It is not even, I assume, a claim against the respondent, which was recognized as a lien under the laws of Ohio, and which this court might enforce in a proceeding in admiralty; otherwise, that would have been so averred. I assume, therefore, that it is a judgment against the libelant, which is justly due, and purely a proceeding in personam. The most that this court could do, under such conditions, would be to hold the fund here, and distribute the same according to the priority of the liens, as might be established by proof. It certainly would not transfer this fund to another court, to be there distributed as an insolvent or trust fund.

As before stated, and for the reasons stated, I do not propose now to determine finally whether the interveners have such a lien as would entitle them to ask for any part of the proceeds in the registry of the court in this case. In view of the principles established by the supreme court in the Lottawanna Case, the claims against the libelant, set up in the intervening petition, not being maritime liens, and the proceedings being purely in personam, it is questionable whether counsel for the interveners has brought himself in such a relation to the fund in this case as would authorize this court to pay over any part of the same to said interveners, against the protest of the libelant. The court can marshal the fund in the registry only between lienholders and owners. The Edith, 94 U. S. 519.