[No. 4914.]

# VIRGINIA ARNAZ DE AUGUISOLA, MANUEL AUGUISOLA, HER HUSBAND, ELVIRA ARNAZ AND ADELA ARNAZ, *v.* JOSE DE ARNAZ.

JURISDICTION OF PROBATE COURT.—Probate Courts have exclusive jurisdiction to compel an executor to account for the personal property of the estate which has come into his hands, whether it be such as the testator owned at the time of his death, or the proceeds of other property of the estate sold by the executor under a power in the will, or the proceeds of real estate owned by the testator and also sold by the executor under a power in the will.

IDEM.—District Courts have no jurisdiction to compel an executor to render an account in such cases.

IDEM.—Probate Courts have also exclusive jurisdiction of the final distribution of the estates of decedents.

IDEM.—If the real estate which the testator owns at the time of his death is devised by will to his children, and an executor is appointed with full power to sell, and he sells the real estate and converts it into money, the Probate Court has exclusive jurisdiction to compel him to account.

EXECUTOR WITH POWER TO SELL.—If the testator devises his real estate to his children, and, in his will, appoints an executor to whom he gives full power to sell his real estate, the executor does not hold the title to such real estate in trust for the devisees.

APPEAL from the District Court, First Judicial District, County of Ventura.

The complaint, filed May 23, 1874, alleged that the defendant, Jose de Arnaz, at the present county of Los Angeles, in the year 1847, intermarried with Merced Abila; that said Jose had no property of his own, real or personal; that in 1848, or 1849, said Merced acquired by inheritance and gift from her uncle, Antonio Ygnacio Abila, and from other relatives, as her separate property, six hundred head of cattle, three hundred horses, ten mules, ten oxen, and four thousand dollars in money; that thereafter the husband, Jose, received possession of the property, to be managed and controlled by him for the use of his wife; that in 1854, said Jose purchased with said property, or the avails thereof, one-sixth interest in the Rancho Santa Anna, which was conveyed to said Merced, and, in 1855, said Jose also purchased with said property, or the avails thereof, the undi-

vided one-half of the Rancho Rincon de Los Bueyes, but took the conveyance in his own name, in trust for said Merced; that said Jose also, in 1858, purchased with said property, or the avails thereof, a tract of land 400 varas in extent, a part of the Rancho San Jose, and took the conveyance in the name of said Merced; that the wife, Merced, died in December, 1867, leaving, by her husband, several children, two of whom are plaintiffs, and the others, except said Jose, are the defendants; that in 1869 or 1870, said Jose purchased with the increase of said stock and with the rents and profits of said real estate, three thousand sheep, which were pastured on said Rancho Santa Anna till April, 1874, when they were sold by said Jose for $9000; that defendant, Jose, had sold portions of said stock and of the increase thereof for sufficient money to support himself and family, and to pay taxes and expenses; that said Jose, in 1868, sold said tract of 400 varas for $600; that in 1872, said Jose sold seventy-five acres of said Rancho Santa Anna for $550; that in 1873, said Jose also sold a large parcel of said Rancho Santa Anna for $15,000, $7000 of which was paid down, and a note and mortgage given to him for the sum of $8000 payable November 19, 1875; that said Jose had also received from the rents and profits of the property, and from the sale of other portions of it, $15,000; and that there remained unsold a part of the Rancho Santa Anna, the undivided one-half of the Rancho Rincon de Los Bueyes, and cattle and other ranch stock of the value of $3000; that in December, 1867, a short time before her death, said Merced made her will, in which she bequeathed all her property to her said children, and appointed defendant, Jose, the sole executor thereof, with power to sell and convey said property; that, acting under said power, the defendant, Jose, had sold said property, and that he was now endeavoring to dispose of all the remaining property; that the defendant, Jose, kept the will in his possession until 1872, when, on petition of the plaintiff, Manuel, he had been compelled to produce it in the Probate Court of Santa Barbara County; that said Jose had not given any bonds as executor, or accounted for the property in the Probate

Court, or filed an inventory or appraisement of the property; that two years had elapsed since letters testamentary were issued to said Jose, and that he was endeavoring and intending to defraud the devisees and deprive them of all the property they had inherited. The prayer was that said Jose be decreed to hold all of said property in trust for the children, the devisees; that the court take an account between the devisees and the defendant Jose; that said Jose be enjoined from selling any of the property, pending the suit, and that he be decreed to execute to each of the devisees a conveyance of his or her proper share of the realty, and for such further relief as might be agreeable to equity. The defendants demurred to the complaint, the court overruled the demurrer, and, after a trial, gave judgment according to the prayer of the complaint.

On the argument of the demurrer the attorneys produced the will in court, by which it appeared that bonds on behalf of the executor were dispensed with, and that the testatrix desired that no tribunal of this State, nor of any other, should intermeddle in any manner in regard to her properties, as she had in her husband the most unlimited confidence.

The defendant Jose appealed.

The other facts are stated in the opinion.

*Albert Packard and W. T. Williams,* for the Appellant.

*J. D. Hines, Charles Fernald and O. P. Evans,* for the Respondents.

In *Bush* v. *Lindsey* (44 Cal. 125), it is said: "Those who are interested in the estate have an undoubted right to recover from the administrator the money and property remaining in his hands, which belong to the estate; and in order to ascertain the amount of such money and property, an account must be taken. Proceedings having that object in view, bear clearly marked equitable features, and jurisdiction thereof pertains to the district court, and that court has competent authority to hear and determine the matter, unless the probate court possesses the exclusive jurisdiction.

While the probate court possesses generally probate juris-
diction, as was said *In Matter of Will of Bowen* (34 Cal. 688),
and *Gurnee* v. *Maloney* (38 Cal. 87), *yet it is not said in those
cases, nor in view of the language of the section of the Constitu-
tion conferring probate jurisdiction can it be held* that the pro-
bate court has jurisdiction of all matters relating to the
estates of deceased persons."

By the Court, RHODES, J.:

The title to all the real estate in controversy was in Merced
Avila de Arnaz, the testatrix, at the time of her death, and
by her last will and testament she devised and bequeathed
all her property to her children in equal shares. The will
of the testatrix has been admitted to probate; letters testa-
mentary have issued to the husband of the testatrix, and the
estate remains unsettled in the probate court. So far as the
real estate is concerned, there was no ground upon which
an action in the district court to declare a trust could be
maintained, for the title to the same had already vested in
those plaintiffs and defendants who are the children of the
testatrix, by virtue of the will. The personal property be-
longing to the estate of the testatrix, whether it be such as
the testatrix owned at the time of her death, or is the pro-
ceeds of other property of the estate sold by the executor,
is subject to the control of the Probate Court, except so far
as it may have been exempted therefrom, by the provisions
of the will; and the court has competent authority to make
all necessary orders to compel an account of such property,
and to cause a distribution to be made among those entitled
thereto. That court also possesses competent power to
compel an accounting in respect to property, which, it is
alleged, the executor has converted to his own use.

It may be conceded that the District Courts have juris-
diction of actions against executors and administrators to
declare and enforce trusts, in respect to real estate in many
cases, and that actions may be brought in those courts, in
respect to certain controversies having their origin in the
administration of the estates of deceased persons (see *Hav-
erstick* v. *Trudell*, ante, p. 431); but the Probate Courts have

the exclusive jurisdiction of the accounts of executors and administrators, and of the final distribution of the estates of decedents. (*In the Matter of the Will of Bowen*, 34 Cal. 682; *Gurnee* v. *Maloney*, 38 Cal. 85; *Bush* v. *Lindsey*, 44 Cal. 121.)

By the terms of the will very enlarged powers were conferred upon the executor. He was vested with " complete power" to dispose of the property of the estate " as to him shall seem best for the benefit of our children, and without responsibility." A further clause of the will is as follows: " I declare that it is my desire that no tribunal of this State, nor of any other, intermeddle in any manner, in regard to my properties, as I have in my husband the most unlimited confidence;   *   *   *   the interest which I have in said properties my said husband shall determine." How far a court can control the executor in the exercise of the powers and discretion thus conferred, it is unnecessary in this case to determine; but if he is subject to control in these respects, or if he is wasting the estate, or is about so to do, there is nothing in the complaint showing that the Probate Court in the exercise of the powers conferred upon it, is unable to afford the proper remedies to the parties interested.

The demurrer to the complaint should have been sustained, on the ground of the want of jurisdiction in the District Court.

Judgment reversed, and cause remanded with directions to sustain the demurrer to the complaint.

Mr. Chief Justice Wallace did not express an opinion.