[No. 15265. In Bank.—December 23, 1893.]

## MARY S. DOUGHERTY ET AL., APPELLANTS, *v.* COLUMBUS BARTLETT ET AL., RESPONDENTS.

ESTATES OF DECEASED PERSONS—EQUITY JURISDICTION—ACTION FOR ACCOUNTING AGAINST TRUSTEES UNDER WILL—PENDENCY OF ADMINISTRATION.—Where the executors named in the will are also appointed as trustees to control and manage the residue of the estate, and to distribute it among certain beneficiaries, a court of equity has no jurisdiction of a bill to enforce an accounting of the trust estate,' pending administration of the estate in the probate court.

ID.—ACCOUNTING IN PROBATE COURT.—Until distribution of the estate, the executors named as trustees in the will hold the property of the deceased as executors, and must account to the probate court for all property of the estate received by them, and for their management thereof under the will of the deceased; and it is for that court to determine what commissions they are entitled to as executors, and what moneys they have properly expended in discharge of their duties, and whether they have properly managed the estate, or have mismanaged the same, or permitted waste thereof.

ID.—EXCLUSIVE JURISDICTION OF PROBATE COURT—ATTORNEY FOR HEIRS—HOMESTEAD—FAMILY ALLOWANCE.—The probate court has exclusive jurisdiction to determine whether an attorney shall be appointed to represent absent or minor heirs, and to fix the amount of his compensation; and in the absence of a showing of fraud, its orders setting apart a homestead for the widow of the deceased, and making a family allowance, cannot be reviewed in a court of equity.

ID.—CLAIM OF WIDOW—INSUFFICIENT CAUSE OF ACTION.—The fact that the widow of the deceased openly asserts that she will commence legal pro-

ceedings against the executors as trustees under the will, to compel
them to pay her out of the trust estate a considerable sum of money,
does not give to other beneficiaries of the trust a cause of action
against the widow or the executors.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco.

The complaint filed in the superior court is entitled
" A bill of equity to enforce the performance of a special
trust, and for the accounting of the trust estate by the
trustees thereof, and for other purposes."

The action was brought by the plaintiffs, as nephews
and nieces of William Walkerly, deceased, and the com-
plaint sets forth a will of the deceased, which devises
the residue of the estate to the persons named as execu-
tors of the will, in trust to manage the same and to
pay certain annuities to the wife and sister of the de-
ceased, and to annually distribute the residue of the
profits of the trust estate, deducting certain charges,
equally among the nephews and nieces of the deceased.

The complaint alleges that the defendants as trustees
and executors have wasted the trust estate, and wrong-
fully appropriated moneys out of the rents, issues, and
profits thereof, for their commissions as executors, and
for the compensation of an attorney for the absent
heirs; that from their negligence in conducting a
specified action, certain other sums and interest were
lost to the estate; that an order making a family allow-
ance to the widow was collusively consented to by the
executors, and that she threatens to enforce the pay-
ment of the same by legal proceedings; that the probate
court had improperly set apart a homestead to the widow
out of property conveyed and trusted to the executors;
that the executors intend to appropriate other large
sums for their future commissions; that their waste of
the estate is willful, and that the executors are insolvent.

A demurrer was interposed to the complaint, specify-
ing among other grounds "that the court has no juris-
diction of the subject of the action, and that the probate

proceedings upon the will of the deceased were pending and undetermined and not in a condition to be closed."

The superior court sustained the demurrer, and entered a judgment dismissing the bill, from which this appeal was taken.

Further facts are stated in the opinion of the court.

*Fox & Kellogg*, and *B. B. Newman*, for Appellants.

These beneficiaries have a right to go into a court of equity and ask for an accounting from the trustees named in the will as to what they have done with the property, regardless of any assumptions of the court of probate over the trust property. A bill in equity can be filed for that purpose at any time after the will is probated and recorded in the proper court of probate, if the testament upon its face, upon an inspection of it as recorded, shows a testamentary disposition by the testator of his property by a lawful will. (*Deck* v. *Gerke*, 12 Cal. 433–37; 73 Am. Dec. 555; *Clarke* v. *Perry*, 5 Cal. 60; *Sanford* v. *Head*, 5 Cal. 297; *Williams* v. *Williams*, 73 Cal. 99–104; *Rosenberg* v. *Frank*, 58 Cal. 387; *Payne* v. *Payne*, 18 Cal. 291–303.) The probate court is not a court of equity. (*Meyers* v. *Farquharson*, 46 Cal. 190–200.)

*H. C. Firebaugh*, for Respondents.

The superior court sitting in probate had, when this suit was commenced, and has, original and exclusive jurisdiction over the will and estate referred to in the complaint, and all matters pertaining thereto, as well as over the accounts of both the executors and trustees named in his will. (Const., art. 6, sec. 5; Code Civ. Proc., secs. 76, 1294, 1295, 1699, 1743; *Auguisola* v. *Arnaz*, 51 Cal. 438; *Estate of Bowen*, 34 Cal. 682; *Gurnee* v. *Maloney*, 38 Cal. 85; 99 Am. Dec. 352; *Bush* v. *Lindsey*, 44 Cal. 124; *Estate of Hudson*, 63 Cal. 454; *Theller* v. *Such*, 57 Cal. 459; *Guardianship of Danneker*, 67 Cal. 643; *Estate of Griffith*, 84 Cal. 107; *In re Burton*, 93 Cal. 459; Code Civ. Proc., secs. 1295–1743.) And this even

though the estate in probate had been finished and dis-
tributed to the trustees.    (Code Civ. Proc., sec. 1699.)

DE HAVEN, J.—The demurrer to the complaint was
properly sustained.    Until distribution of the estate of
William Walkerly, deceased, by the probate court, the
respondents, Bartlett, Bacon, and Barker, hold the prop-
erty of said deceased as executors of his will, and they
must account to the probate court for all property of
the estate of said deceased received by them as such
executors, and for their management of the same prior
to its distribution under the will of deceased, and it is
for that court to determine what, if any, commissions
the said named respondents shall be entitled to receive
for their services as executors of said will, and also to
determine in the settlement of the accounts of the said
executors what moneys expended by them in the dis-
charge of their duties were properly expended, and so
chargeable to the estate represented by them, and
whether they have exercised ordinary care in the man-
agement of the property of said estate, or whether they
have mismanaged the same or permitted waste thereof.

It was a question solely for the consideration of the
probate court, whether an attorney should be appointed
to represent absent or minor heirs, and, if so appointed,
the amount of compensation to be allowed him.

The probate court also had jurisdiction to make the
order setting apart a homestead for the widow of the
deceased Walkerly, and to make the order for a family
allowance, and no facts are alleged in the complaint
showing that such orders were fraudulently procured by
the defendants, or either of them, as the result of any
misrepresentation or concealment of facts; nor does it
appear from the allegations of the complaint that the
court committed any error in making such orders, even
if we could review the same in this action.

The fact, if it be one, that the defendant, Blanche M.
Walkerly, openly asserts that she will commence legal
proceedings against the other defendants as trustees

under the will, to compel them to pay her out of the trust estate the further sum of twenty-one thousand dollars, does not give to plaintiffs any cause of action against her or the other defendants.

It is unnecessary to attempt any synopsis of the voluminous complaint filed in this action, or to notice more particularly its several allegations. We do not understand from the complaint that the executors, who are also the trustees under the will of the deceased, have failed "to annually distribute the residue of the rents and profits of the trust estate" among the nephews and nieces of the deceased, as directed by the will, or that this is an action to enforce this particular duty of the defendants, who are named as executors and trustees under the will, and we express no opinion upon the question whether such an action could be maintained in a court of equity prior to the distribution of the estate under the will.

Judgment affirmed.

FITZGERALD, J., McFARLAND, J., GAROUTTE, J., PATERSON, J., and HARRISON, J., concurred.