BARKER et al. v. EASTMAN et al.

(Circuit Court, D. New Hampshire. December 11, 1911.)

No. 385.

1. EVIDENCE (§ 43*)—JUDICIAL NOTICE—FORMER CONSTRUCTION OF WILL.

A federal court will take judicial notice that several clauses of a will have been considered and construed by the highest court of the state.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 62–65; Dec. Dig. § 43.*]

2. COURTS (§§ 366, 367*)—FEDERAL COURTS—STATE LAWS AS RULES OF DECISION—PROPERTY RIGHTS.

Whenever property rights, and especially those in respect to real estate, are concerned, and when questions of construction of state laws and particularly statute laws are in question, the rights are to be ascertained and established according to the law of the state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–968; Dec. Dig. §§ 366, 367.*]

3. COURTS (§ 367*)—FEDERAL COURTS—STATE LAWS AS RULES OF DECISION—PROPERTY RIGHTS.

When, under an existing line of state court decisions, there are established rules of construction under state statutes and established general rules of property which have been recognized as involving settled principles within the state, such constructions and principles are accepted by the federal courts, as far as they apply themselves to questions of property in that jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 958, 959; Dec. Dig. § 367.*]

4. COURTS (§ 367*)—FEDERAL COURTS—STATE LAWS AS RULES OF DECISION—PROPERTY RIGHTS—CONSTRUCTION BY STATE COURT.

Where, in a suit in a federal court, the validity of a will is put in issue upon proper pleadings and a full record, the questions will be determined by the rules of construction, and property rights, so far as they are pertinent, established by the state Supreme Court in prior litigation.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 958, 959; Dec. Dig. § 367.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11. C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

5. COURTS (§ 493*)—STATE AND FEDERAL—CONFLICTING JURISDICTION.

In a suit in a federal court to establish rights and for relief in respect to a will. it appeared that there was pending in the state Supreme Court a proceeding in which the rights of the same parties, as well as others, were involved. *Held* that, without considering any question as to the effect of such proceeding or lack of parties, in view of the fact

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907.to date, & Rep'r Indexes

that the record is incomplete in the sense that it does not present the questions in a way in which they can be determined, the bill should be dismissed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1346–1353; Dec. Dig. § 493.*

Conflict of jurisdiction with state courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.]

In Equity. Bill by Will T. Barker and others against Edwin G. Eastman, trustee, and others, to establish rights, and for relief in respect to a will. Bill dismissed without prejudice.

Alfred S. Hayes, for complainants.

Eastman, Scammon & Gardner and John Kivel, for respondents.

ALDRICH, District Judge. This is a bill in equity, in which the plaintiffs ask to have their rights established and for relief, in respect to what is known as the "Barker will."

[1] We take judicial notice of the fact that certain clauses of the will in question were considered and construed by the highest court of the state of New Hampshire something like 20 years ago. See Edgerly v. Barker, 66 N. H. 434, 31 Atl. 900, 28 L. R. A. 328. It appears upon the arguments that the settlement of the estate under the will has been pending in the probate court during the entire period from that time until the present, and that the estate is still in custodia legis with important questions of distribution now pending before the Supreme Court of the state. Without discussing the abstract right of the plaintiffs to bring this proceeding, and looking at the situation from an equitable standpoint, it is difficult to see why the plaintiffs should seek relief in this court, unless they seek for a different con- struction of the provisions of the will from that established by the highest court of the state in the early stages of the litigation. Indeed, such was the position of the plaintiffs upon oral argument.

[2, 3] The answer of Edwin G. Eastman, a trustee, under para- graph 6 thereof, in a sense raises the point whether the questions presented by the bill are cognizable in this court or in the probate court and the other courts of the state. If jurisdiction were assumed, it is sufficient, for present purposes, to say that there is no record before this court upon which any rights, in respect to the matters con- cerned, could be ascertained and established. We have no doubt of the proposition that as to certain matters this court would have in- dependent jurisdiction concurrent with that of the courts of the state.

There is a good statement in Burgess v. Seligman, 107 U. S. 20, 33, 2 Sup. Ct. 10, 21 (27 L. Ed. 359), of the relations which the state and United States courts sustain to each other, and to the property interests in disputes governed by state law. It is there said by Mr. Justice Bradley:

"The federal courts have an independent jurisdiction in the administra- tion of state laws, co-ordinate with, and not subordinate to, that of the state courts, and are bound to exercise their own judgment as to the meaning and effect of those laws."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

And in Covell v. Heyman, 111 U. S. 176, at page 182, 4 Sup. Ct. 355, at page 358 (28 L. Ed. 390), in speaking of the two courts, it is said:

"These courts do not belong to the same system, so far as their jurisdiction is concurrent; and, although they co-exist in the same space, they are independent, and have no common superior. They exercise jurisdiction, it is true, within the same territory, but not in the same plane, and, when one takes into its jurisdiction a specific thing, that res is as much withdrawn from the judicial power of the other as if it had been carried physically into a different territorial sovereignty."

In connection with this question of independent and co-ordinate jurisdictions of the two courts, there must be considered the wholesome principles of comity which hold good, and which are particularly emphasized by the United States Supreme Court in the case last referred to through the following expression:

"The forbearance which courts of co-ordinate jurisdiction administered under a single system exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity, with perhaps no higher sanction than the utility which comes from concord; but between state courts and those of the United States it is something more. It is a principle of right and of law, and therefore a necessity."

The same idea found expression in Burgess v. Seligman, supra:

"The existence of two co-ordinate jurisdictions in the same territory is peculiar, and the results would be anomalous and inconvenient but for the exercise of mutual respect and deference."

As a result of the two systems, under considerations of comity and public policy, and to the necessary end that there shall be but one rule of property rights in a state, the principle has been recognized that whenever property rights, and especially those in respect to real estate, are concerned, and when questions of construction of state laws and particularly statute laws, are in question, the rights are to be ascertained and established according to the law of the state; and the rule is universal that when, under an existing line of state court decisions, there are established rules of construction under state statutes and established general rules of property which have been recognized as involving settled principles within the state, such constructions and such principles are accepted by the federal courts, so far as they apply themselves to questions of property in that jurisdiction. This is not only a proposition well established, but is one based on good reasons; because, as said in Burgess v. Seligman:

"Since the ordinary administration of the law is carried on by the state courts, it necessarily happens that by the course of their decisions certain rules are established which become rules of property and action in the state, and have all the effect of law, and which it would be wrong to disturb. This is especially true with regard to the law of real estate and the construction of state Constitutions and statutes. Such established rules are always regarded by the federal courts, no less than by the state courts themselves, as authoritative declarations of what the law is."

[4] If, upon some subsequent record, the validity of the Barker will should be here put in issue upon proper pleadings and a full record, it is quite probable that the questions would be governed by the

rule of construction and the rule of property right, so far as they are pertinent, established by the state Supreme Court in 1891, rules of construction and rules of right which have stood for nearly a quarter of a century, governing not only the property involved in that decision, but as principles governing similar questions and similar property rights within the state, rather than by an independent view or by the law of some other jurisdiction in respect to wills.

[5] It was suggested in argument, and the fact is conceded, that there is now pending in the state Supreme Court a proceeding in which the rights of these parties, as well as others, are involved, and without considering the precise effect of such proceeding upon the questions presented here, and without considering any question as to the lack of parties, in view of the fact that the present record here is incomplete, in the sense that it does not present the questions in a way in which they can be determined, the bill, I think, should be dismissed. Ordinarily, where there is a lack of proper record or of necessary parties, amendments would be allowed upon application; but in view of the present situation of the litigation in the state courts, while not denying the right of the plaintiffs, there would seem to be no equitable view which should promote litigation here through leniency in respect to amendments.

Bill dismissed, without prejudice.