## MILLER v. WESTON et al.[†]

(Circuit Court of Appeals, Eighth Circuit. August 15, 1912.)

No. 3,614.

1. COURTS (§ 489*)—JURISDICTION OF FEDERAL COURTS—SUITS RELATING TO PROBATE OF WILLS.

Under Const. Colo. art. 6, § 23, and Rev. St. Colo. 1908, § 7082 et seq., which vest in the county courts exclusive jurisdiction of all probate proceedings, and to decide therein on the genuineness and validity of any writing purporting to be a will, and to admit it to probate or deny its probate, and do not confer on the courts of law or equity of the state jurisdiction to determine any of such matters, except in direct appellate proceedings from the county court, a federal court in that state is without jurisdiction of a suit to prevent the probate of a will or to have it adjudged invalid.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1324–1341, 1372–1375; Dec. Dig. § 489.*

Probate jurisdiction of federal courts, see note to Bedford Quarries Co. v. Thomlinson, 36 C. C. A. 276.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied December 6, 1912.

2. EQUITY (§ 150*)—PLEADING—MULTIFARIOUSNESS OF BILL.

    A bill against the executors named in a will and the beneficiaries thereunder to have it declared invalid and denied probate, in which another defendant is also joined for the purpose of having a deed from the testator to such defendant adjudged void for fraud, and canceled, is multifarious.

    [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 342, 371–379; Dec. Dig. § 150.*]

Appeal from the Circuit Court of the United States for the District of Colorado.

Suit in equity by George A. Miller against William E. Weston, I. S. Smith, Julia Holst, and others. Decree for defendants, and complainant appeals. Reversed, with directions to dismiss for want of jurisdiction.

John T. Bottom, for appellant.

Fred Herrington, for appellee Holst.

G. K. Hartenstein (I. O'Mailia, on the brief), for other appellees.

Before ADAMS and SMITH, Circuit Judges, and REED, District Judge.

REED, District Judge. The appellant, George A. Miller, a citizen of Missouri, brought this suit in the Circuit Court against the defendants, William E. Weston and I. S. Smith, as individuals and as administrators, to collect of the estate of David F. Miller, deceased, and others, all citizens of the state of Colorado or states other than Missouri, to prevent the probate of a paper purporting to be the last will and testament of said David F. Miller, deceased, in which the said William E. Weston and I. S. Smith, are named as executors and testamentary trustees, and the defendants, other than Julia Holst, as devisees or legatees in said will or their legal representatives. No other ground of federal jurisdiction is alleged than the diverse citizenship of the parties. The defendants, other than the defendant Julia Holst, demurred to the bill upon the grounds, among others, that there was no equity in the bill, and that the Circuit Court was without jurisdiction of proceedings to probate a will, contest the same, or to deny its probate; and the defendant Julia Holst, upon the further ground that as to her the bill was multifarious. The demurrers were sustained, the bill dismissed, and the complainant appeals.

The bill is voluminous, covering 34 pages of the printed record. It is sufficient to say, that among its many allegations it is alleged in substance: That David F. Miller, alleged to be a resident of the city and county of Denver, in the state of Colorado, died in Fremont county, that state, December 7, 1906, while temporarily therein, leaving the appellant, George A. Miller, as his son and only heir at law surviving him, and what purports to be the last will and testament of said deceased, in which the defendants William E. Weston and I. S. Smith are named as executors and testamentary trustees, and others of the defendants, than Julia Holst, as legatees and devisees thereunder, or their legal representatives; that on December 21, 1906, said defendants William E. Weston and I. S. Smith filed said purported will in the county court of Park county, Colo., for probate, and

due notice thereof was given to the appellant, who within the time required by the law of Colorado filed in said court notice of his intention to contest said will, and objections thereto alleging that said paper was not the last will and testament of David F. Miller deceased; that deceased was mentally incapable of making a will at the time he signed said paper; that he was induced to sign the same by the fraud and undue influence exerted upon and over him by the defendants other than the minor defendants, and objected to the probate of said alleged will.

The paper alleged to be the last will of said David F. Miller is set forth in the bill as follows:

"I, the undersigned, David F. Miller, of Fairplay, in the county of Park, state of Colorado, * * * do make and declare the following as my last will and testament:

"1. I will and direct that my funeral expenses and all my just debts be promptly paid. * * *

"2. I hereby constitute William E. Weston and I. S. Smith, of Fairplay, Colorado, and either of them, should the other be dead or refuse to act, executors of this will and trustee of my property, real and personal, and all rights and credits, to whom, on the admission of this will to probate, the title and ownership of my said property rights and credits shall go, in trust, however, for the realization of said rights and credits and conversion into money of said real estate and personal property according to their best ability and judgment under the supervision of the court of probate, and for the distribution of all the proceeds, after first paying my funeral expenses and my debts as above directed as well as all expenses of administration, including full compensation to my said executors, as next hereinafter stated."

The next eight paragraphs make certain devises or bequests to sisters of the deceased and other persons, and to the defendants John D. Buyer, Julia Ryan, and Mary Hammond. The ninth paragraph bequeaths to George A. Miller, the appellant, the sum of $3,000, and the tenth, $300 each to his four minor sons, naming them.

The paper purports to have been signed by David F. Miller, at Fairplay, Park county, Colorado, August 22, 1905, in the presence of four witnesses, one of whom is "Isaac S. Smith." What purports to be a codicil modifying the eighth paragraph of the will purports to have been signed by David F. Miller, at Fairplay, Park county, Colorado, May 21, 1906, in the presence of three witnesses. The paragraphs of the will, other than above set forth, and the codicil, are not material to a determination of the questions presented by the demurrers.

As to the defendant Julia Holst, it is further alleged that, through her fraud and undue influence over the said David F. Miller, she induced him to sign a deed to her of certain property in the city of Denver, which deed was never delivered by the deceased in his lifetime; that after his death she fraudulently obtained said deed from his private papers, and placed the same of record in the city and county of Denver, Colorado; and it is prayed as against her that said deed and the record thereof be canceled, set aside, and adjudged void.

The dominant purpose of the bill, as to the defendants other than Julia Holst, obviously is for a decree that the paper purporting to be the last will and testament of said David F. Miller, deceased, is not such will, that the probate thereof be denied, and that appellant be

decreed to be the owner of his father's estate free from any of the provisions of said will; and, as to the defendant Julia Holst, that the deed of the real estate in the city of Denver, alleged to have been made by David F. Miller to her, but never delivered, and the record thereof, be set aside and adjudged void.

The only grounds of the demurrers that we deem it necessary to consider are those of the defendants, other than Julia Holst, which challenge the jurisdiction of the Circuit Court over the matter of the probate of the alleged will of David F. Miller, and that of the defendant Holst, alleging that as to her the bill is multifarious. An extended discussion of these is quite unnecessary.

[1] The Supreme Court of the United States has frequently considered and determined the question of the power of a Circuit Court of the United States over the probate, or revocation of the probate of a will. In Farrell v. O'Brien, 199 U. S. 89, 25 Sup. Ct. 727, 50 L. Ed. 101, a suit to annul the probate of a will which had been admitted to probate by the proper probate court in the state of Washington, the authorities bearing upon this question are reviewed at some length by the present Chief Justice, then Mr. Justice White, after which he states the conclusion of the court as to the principles deducible from them as follows:

"An analysis of the cases, in our opinion, clearly establishes the following:

"First. That as the authority to make wills is derived from the state, and requirement of probate is but a regulation to make the will effective, matters of pure probate, in the strict sense of the words, are not within the jurisdiction of courts of the United States.

"Second. That where a state law, statutory or customary, gives to the citizens of the state, in an action or suit inter partes, the right to question at law the probate of a will or to assail probate in a suit in equity, the courts of the United States, in administering the rights of citizens of other states or aliens, will enforce such remedies.

"The only dispute possible under these propositions may arise from a difference of opinion as to the true significance of the expression 'action or suit inter partes,' as employed in the second proposition. When that question is cleared up, the propositions are so conclusively settled by the cases referred to that they are indisputable. Before coming to apply the propositions we must, therefore, accurately fix the meaning of the words 'action or suit inter partes.'

"The cited authorities establish that the words referred to must relate only to independent controversies inter partes, and not to mere controversies which may arise on an application to probate a will because the state law provides for notice, or to disputes concerning the setting aside of a probate, when the remedy to set aside afforded by the state law is a mere continuation of the probate proceeding; that is to say, merely a method of procedure ancillary to the original probate, allowed by the state law for the purpose of giving to the probate its ultimate and final effect. We say the words 'action or suit inter partes' must have this significance, because, unless that be their import, it would follow that a state may not allow any question to be raised concerning the right to probate at the time of the application, or any such question thereafter to be made in ancillary probate proceeding, without depriving itself of its concededly exclusive authority over the probate of wills."

The law of Washington is then referred to, and the conclusion is reached that under that law a proceeding for the probate of a will, or to annul the probate of one, is not an independent suit "between parties," but is the procedure established by the state for the settle-

ment of the estates of deceased persons and the distribution thereof according to their wills, or the law of the state if they leave none, of which proceedings the courts of law or equity in that state are not given jurisdiction, and that the Circuit Court of the United States in that state has not, therefore, jurisdiction of such a proceeding.

The law of Colorado is not essentially different in this respect from the law of Washington. Article 6, § 23, of the Constitution of Colorado provides:

"County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlements of estates of deceased persons, appointments of guardians, conservators and administrators, and settlement of their accounts. * * * "

The statutes of Colorado provide in detail for a hearing in the county court, upon the filing therein of a paper purporting to be the last will and testament of a deceased resident of the county, and a determination by it whether or not such paper is the will of such person, the fixing of a day for such hearing, the giving of notice to all persons in interest, the filing of objections by any person desiring to contest the will, or object to the validity of all or any portion of the contents thereof, the hearing and determination of such objections, and for an appeal from the decree or order of the court in such proceedings to the district court, and to the appellate or Supreme Court of the state. Revised Statutes of Colorado 1908, § 7082 et seq. Neither the Constitution nor the statutes of the state confer upon the courts of law or equity in that state, or any other court than the county court, any jurisdiction to admit a will to probate, or to annul such probate after it has been allowed by the county court; and the only provision for reviewing the order of the county court, admitting a will to probate, or denying its probate, to which our attention has been called, is by appellate proceedings in the proper appellate court.

The appellant contends in argument that the alleged will is void upon its face because it offends the "rule against perpetuities." This is based upon certain words in the second paragraph of the will, which reads:

"I hereby constitute William E. Weston and I. S. Smith, of Fairplay, Colorado, and either of them, should the other be dead or refuse to act, executors of this will and trustee of my property, real and personal, and all rights and credits, *to whom, on the admission of this will to probate*, the title and ownership of my said property rights and credits shall go, in trust, however, for the realization of said rights and credits. * * * "

The italicized words are the words which it is claimed render the instrument void. This in effect calls for a construction of that portion of the will, and until the will shall be admitted to probate it is purely a moot question; for, should the will be not admitted to probate, there is nothing for any other court than the court of probate to construe. The statutes of Colorado, set forth in the briefs of counsel, direct that the county court, if the instrument be found to be a will, shall hear and determine, before it shall finally admit the same to probate, whether or not any portion of the will is void, and, if so, to admit the will to probate in so far as it shall be found to be valid, and it shall be executed to that extent only; and any portion of the

estate not conveyed by the will, because of the invalidity of any portion thereof, shall be held to be intestate property and be administered as such by the executors. If the entire contents of the will be held void, the estate shall be administered as in other cases of intestacy. Section 7095, Rev. Stats. of Colorado 1908. Inasmuch as the alleged invalidity of the will, or any portion thereof, if it be found to be a will, is to be determined by the probate court before finally admitting it to probate, such determination inheres in and is, of necessity, a part of the probate proceeding. The Circuit Court, therefore, has no more jurisdiction to determine, in advance of the probate of the will, the validity or invalidity of that part of the will to which appellant objects, than it has of any other part of the probate proceeding.

[2] The demurrer of the defendants other than Julia Holst to the bill was therefore properly sustained, but upon the ground that the Circuit Court had no jurisdiction to either admit to probate or deny the probate of the alleged will of David F. Miller, and that of the defendant Julia Holst was properly sustained upon the ground that as to her the bill was clearly multifarious. 1 Street's Federal Equity, §§ 441, 442. And see Oliver v. Piatt, 3 How. 333–411, 412, 11 L. Ed. 622.

The court, however, dismissed the bill as to all defendants, apparently for want of equity; at least it does not affirmatively appear that it was dismissed for want of jurisdiction, or that as to the defendant Holst because it was multifarious. The bill should have been dismissed as to all of the defendants, except the defendant Holst, for want of jurisdiction only, and without prejudice to the right of the appellant to contest the will of David F. Miller in the probate court, if he shall be so advised; and as to the defendant Holst it should have been dismissed upon the ground that it was multifarious.

The cause will therefore be reversed, and remanded to the United States District Court for the District of Colorado as the successor of the United States Circuit Court for that District, with directions to dismiss the bill without prejudice as to all of the defendants, other than the defendant Holst, for want of jurisdiction, at appellant's cost, and as to the defendant Holst, without prejudice, because it is multifarious. The appellees will recover their costs of this court. It is ordered accordingly.