**CRAY, McFAWN & CO. v. HEGARTY, CONROY & CO., Inc., et al.**

**No. 222.**

Circuit Court of Appeals, Second Circuit.

Feb. 5, 1940.

Holthusen & Pinkham, of New York City (Henry F. Holthusen, Spencer Pinkham, and Charles E. Oberle, all of New York City, of counsel), for appellant.

George A. Spiegelberg and Mack, McCauley, Spiegelberg & Gallagher, all of New York City, for appellee Hegarty, Conroy & Co., Inc.

Louis Connick and Simpson, Thacher & Bartlett, all of New York City, for appellee Atlas Corporation.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The record supports the crucial findings of fact of the district judge, so that we cannot hold them to be "clearly erroneous". Rule 52(a), 28 U.S.C.A. following section 723c. Hegarty's testimony, which the judge accepted, was that it was well understood by everyone on July 19, 1935, that his firm alone was to accept any part of the risk of the purchase, and that nobody had any interest in the venture except Grier, and he only by way of "finder's fee". Grier disclaimed this but asked that the plaintiff among others should have a participation, the amount of which was to be left to Hegarty's discretion. The plaintiff says that nobody confirmed Hegarty as to this last point; but when Hegarty spoke to Buck after the deal went through, it is plain that Buck understood that Hegarty was to fix the shares of everyone. Besides, Hegarty's uncorroborated testimony would have been enough to support the finding.

The plaintiff having refused the participation offered to it, cannot now demand the profits which acceptance might have brought; its share, so far as it had a share, was no more than an option. It complains that, since Hegarty offered the participation only on condition that it release any rights against him, his tender was not performance, because of the doctrine

444

that an obligor may not annex as a condition upon tender of performance of an absolute obligation that the obligee shall give a release. Williston, § 1814. But the plaintiff had no absolute right to an option upon 5,000 shares of Müller stock; its participation was left to Hegarty's decision, not only as to the number, but as to any reasonable condition that he might annex. The condition was entirely reasonable: the plaintiff had already made an unwarranted refusal of an oral unconditional offer, and it was reasonable for Hegarty to protect himself against further claims. The appeal is without justification as it comes to us; and as far as we can tell, the original action was equally so.

Judgment affirmed.