## INTER–ISLAND STEAM NAVIGATION COMPANY, LIMITED, v. WARD.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 638.   Motion to dismiss and for damages submitted October 9, 1916.— Decided October 30, 1916.

A writ of error will not lie from this court to review a judgment of the Circuit Court of Appeals in a case presenting neither diversity of citizenship nor federal question, which was taken to that court from the Supreme Court of Hawaii, pursuant to Judicial Code, § 246, as amended by the Act of January 28, 1915, 38 Stat. 803, c. 22, upon the basis of pecuniary amount alone.

Judicial Code, § 241, empowering this court to review judgments of Circuit Courts of Appeals "not made final by the provisions of this Title," etc., held inapplicable.

THE case is stated in the opinion.   For the opinion of the Circuit Court of Appeals see 232 Fed. Rep. 809.

*Mr. E. A. Douthitt* for defendant in error, in support of the motion.

(1)

Mr. *E. W. Sutton* and Mr. *William O. Smith* for plaintiff in error, in opposition to the motion.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

On writ of error prosecuted from the court below to a judgment of the Supreme Court of Hawaii rendered in a case where there was no federal question and no diversity of citizenship, the judgment was affirmed and the case was brought here. By a motion to dismiss, our jurisdiction is disputed and to dispose of it requires a consideration of § 246 of the Judicial Code as amended by the Act of January 28, 1915, 38 Stat. 803, c. 22.

That amendment provides, first, that "Writs of error and appeals from the final judgments and decrees of the Supreme Court of the Territory of Hawaii and of the Supreme Court of Porto Rico may be taken and prosecuted to the Supreme Court of the United States . . . in the same classes of cases, in which writs of error and appeals from the final judgments and decrees of the highest court of a State in which a decision in the suit could be had, may be taken and prosecuted to the Supreme Court of the United States . . ." And this is immediately followed by a provision giving power to this court to review by certiorari "in all other cases, civil or criminal, in the Supreme Court of the Territory of Hawaii or the Supreme Court of Porto Rico." The next and separate sentence which follows these provisions and which concludes the amendment is this: "Writs of error and appeals from the final judgments and decrees of the supreme courts of the Territory of Hawaii and of Porto Rico, wherein the amount involved, exclusive of costs, . . . exceeds the value of $5,000, may be taken and prosecuted in the circuit courts of appeals."

The argument supporting jurisdiction is that as by the

general provisions of the Judiciary Act of 1891, now em-
braced in § 241 of the Judicial Code, power exists in this
court to review by error or appeal the final decisions of
the circuit courts of appeals in all cases where the juris-
diction of the trial court did not depend upon diversity
of citizenship or where the case was not otherwise by pro-
visions of law expressly made final in the circuit courts of
appeals, therefore power to review exists since this case
is not in one of the excepted classes.  But the contention
overlooks the fact that from the beginning and contin-
uously up to the adoption of the Amendment of 1915
appeals and writs of error to the supreme courts of Hawaii
and of Porto Rico were not left to be controlled by the
law generally applicable to courts of the United States
as expressed in the Judiciary Act of 1891 or as found in
the provisions of the Judicial Code re-adopting that act,
but were governed by special provisions controlling the
subject—a purpose which is exemplified by the terms of
the Amendatory Act of 1915.  This is plain when it is
considered that the two classes of cases enumerated in
the Amendment of 1915 were practically in the same terms
expressed in the prior acts which conferred reviewing ju-
risdiction in both classes exclusively upon this court and
that the only substantial change made by the amendatory
act was to take from this court the jurisdiction to review
in the second enumerated class and confer it upon the
Circuit Court of Appeals to which Hawaii belonged.  And
indeed there is nothing in the context of the statute which
countenances the view that the statute intended to merely
take away the jurisdiction of this court in one class of
cases and at the same time to restore jurisdiction as to
the same class by means of a power conferred or contem-
plated to exist to review on error or appeal the judgments
and decrees of the Circuit Court of Appeals.  Besides,
as the remedy intended to be afforded by the Amendment
of 1915 was evidently the restricting of the jurisdiction

of this court to the end that the burden on its docket might be lightened, we cannot construe that amendment as frustrating the purpose which it was adopted to accomplish. *American Security Co.* v. *District of Columbia,* 224 U. S. 491, 495.

*Dismissed for want of jurisdiction.*