## EL BANCO POPULAR DE ECONOMIAS Y PRES-TAMOS DE SAN JUAN, P. R., v. WILCOX.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 91. Argued November 12, 1920.—Decided February 28, 1921.

1. The Act of January 28, 1915, c. 22, 38 Stat. 803, amending the Judicial Code so as to provide review of judgments of the United States Court of Porto Rico partly in this court and partly in the Circuit Court of Appeals for the First Circuit, should be construed with reference to the principles of distributing appellate jurisdiction established by the Judiciary Act of 1891. P. 74.

2. *Held*, that a judgment which previously would have been reviewable in this court only because of pecuniary amount (Jud. Code, § 244) but which, under the Act of 1915, went directly to the Circuit Court of Appeals, could not be brought here by appeal from that court, although not among those enumerated as final by Jud. Code, § 128. *Id.*

Appeal to review 255 Fed. Rep. 442, dismissed for want of jurisdiction.

THIS was an appeal from a decree of the Circuit Court of Appeals for the First Circuit reversing a decision of the United States District Court for Porto Rico, which required the appellee to pay the appellant $9,631.92, the amount due on certain mortgages of real estate in Porto Rico, the unpaid principal of which amounted to $6,300.00, and, in default of such payment, directed a foreclosure. The plaintiff bank was a Porto Rico corporation, and the defendant a citizen of the United States.

*Mr. Boyd B. Jones,* with whom *Mr. Philip N. Jones* was on the briefs, for appellant:

The decree of the Circuit Court of Appeals in the present case is not final, first, because the jurisdiction of the District Court was not "dependent entirely upon the *opposite* parties to the suit or controversy being aliens and citizens

of the United States or citizens of different ·States" in that, by the Act of March 2, 1901, its jurisdiction existed by the mere fact of the defendant's being a citizen of the United States; and, second, because the parties to this suit are not an alien on the one side and a citizen of the United States on the other, inasmuch as the plaintiff was a citizen of Porto Rico, *Martinez* v. *La Asociacion De Senoras*, 213 U. S. 20; *Barrow S. S. Co.* v. *Kane*, 170 U. S. 100; and was neither a citizen of a foreign country, *De Lima* v. *Bidwell*, 182 U. S. 1; *Porto Rico* v. *Castillo*, 227 U. S. 270; nor a citizen of a State, *Barney* v. *Baltimore*, 6 Wall. 280.

It therefore follows that this court has jurisdiction of the appeal under Jud. Code, § 241.

The contention that, under §§ 128 and 241, Jud. Code, appeals to the Supreme Court are authorized only in those cases which might have been appealed directly from the District Court, is untenable. *Korbly* v. *Springfield Institution for Savings*, 245 U. S. 330.

The question is purely one of construction, and the plain language of the statutes is not controlled by any of the considerations urged against it.

*Mr. Ben A. Matthews*, with whom *Mr. Jose R. F. Savage* was on the briefs, for appellee.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

In a suit in the United States District Court for Porto Rico, where the appellant, a bank incorporated in Porto Rico, was plaintiff, and the appellee, a citizen of the United States, was defendant, a final decree in favor of the bank was rendered, and from that decree the defendant took the case to the Circuit Court of Appeals for the First Circuit.

Upon a reversal of the decree in that court, the bank
brought this appeal, and, upon a motion to dismiss for
want of jurisdiction, we are required to determine its
right to do so.  The appellant, not denying that the juris-
diction of this court to review judgments or decrees of
the District Court for Porto Rico in cases such as the
present one was taken away by the act conferring upon
the Circuit Court of Appeals of the First Circuit appellate
power over that subject (Act of January 28, 1915, c. 22,
§ 1; *id.*, §‵2, amending §§ 128 and 238, Jud. Code; *id.*,
§ 3, repealing § 244, Jud. Code; 38 Stat. 803, 804), never-
theless insists that, by virtue of the jurisdiction of this
court to review judgments and decrees of the circuit courts
of appeals, the power taken away is in substance preserved
if only successive appeals be resorted to.  This rests upon
the proposition that, as the act transferring the jurisdic-
tion from this to the circuit court of appeals brought
this case within the jurisdiction of the latter court, it
hence subjected the decree in this case to the test of
finality and the right of review provided in § 128 of the
Judicial Code controlling those subjects.  While, if the
section be considered superficially, the argument is plau-
sible, its unsoundness becomes apparent by the briefest
examination of the context and genesis of the section.
Virtually every word of the section relied upon to es-
tablish that the decree was not final and to justify the
asserted right to review it in this court depends upon
limitations expressed in the Judiciary Act of 1891 and
which were intended to carry out the great purposes of
that act, to distribute the appellate power of the courts
of the United States in the proper sense, and were there-
fore inapplicable to the Porto Rican court.  To illustrate,
one of the broad distinctions made in the distribution
of appellate power under the Act of 1891 depended upon
whether the jurisdiction of the federal court as fixed by
law was exclusively called into play because of diverse

citizenship, in the constitutional sense, or whether the jurisdiction was invoked because, aside from diverse citizenship, there existed a federal right or question; a judgment being in one case made final in one court where it was not in the other, and also being subject to one method of review in the one and a different in the other. Thus the proposition is, that, because by act of Congress jurisdiction was conferred upon the circuit court of appeals to review a judgment of the Porto Rican court, therefore by the mere exertion of that jurisdiction the Porto Rican judgment was brought under the control, as to finality and review, of provisions having no possible application or relation to it.

The act of Congress by which jurisdiction was conferred upon the Circuit Court of Appeals for the First Circuit additionally makes clear the misconception upon which the argument rests. At the time that act was passed the jurisdiction of this court to review the Porto Rican court embraced two classes of cases, the one involving enumerated federal questions, in the true sense, and the other where the power depended upon the amount involved. § 244, Jud. Code. But the transferring act did not divest this court of appellate jurisdiction over the Porto Rican court, but on the contrary preserved its authority, although in some respects limiting and in others enlarging it, and transferred to the circuit court of appeals appellate jurisdiction in all cases other than those in which jurisdiction by direct appeal was conferred upon this court, unless otherwise provided by law,—a result which clearly negates that it was contemplated that a right to successive appeals should exist, and which moreover indisputably shows that it was the purpose of Congress not to give the circuit court of appeals an authority which it would not exert compatibly with the distribution of federal appellate judicial power made by the Act of 1891.

Indeed, we might well have spared ourselves the duty of expressing the considerations we have stated since the proposition relied upon is virtually foreclosed by the ruling in *Inter-Island Steam Navigation Co.* v. *Ward,* 242 U. S. 1. There a judgment of the Circuit Court of Appeals of the Ninth Circuit, affirming a judgment of the Supreme Court of Hawaii, was brought here by appeal on the theory of the right to successive appeals now relied upon. Coming to consider whether there was jurisdiction to entertain the appeal, and pointing out a reservation of jurisdiction in this court made by the act transferring authority to the Circuit Court of Appeals of the Ninth Circuit to review the Hawaiian court, similar in character to that made with reference to the Porto Rican court which we have previously noticed, it was held that there was no jurisdiction in this court, (a) because of the inferences properly to be drawn from the reservation in the act of Congress just referred to; (b) because of the impossibility of supposing that jurisdiction was taken away from this court and yet virtually restored by successive appeals, and (c) because of the difference between the systems of judicature obtaining as to the courts of the United States under the Constitution and those of Hawaii, making the right to review in the one depend upon legislative limitations not governing as to the other.

It follows from what we have said and from the principles sustained by the ruling in the case just stated that we are without jurisdiction to entertain the appeal which is before us, and it must be and is, therefore,

*Dismissed for want of jurisdiction.*