STATE OF OHIO EX REL. SENEY, PROSECUTING ATTORNEY OF LUCAS COUNTY, OHIO, *v.* SWIFT & COMPANY ET AL.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 67. Argued October 16, 1922.—Decided November 13, 1922.

Where a litigant appeals to the Circuit Court of Appeals in a case involving the jurisdiction of the District Court and other questions, but confines the controversy there to the jurisdictional question alone, the judgment of the Circuit Court of Appeals sustaining its own jurisdiction and affirming the District Court is final, and this Court is without power to review it. Jud. Code, §§ 128, 238; Judiciary Act of 1891. P. 148.

Appeal to review 270 Fed. 141, dismissed.

APPEAL from a decree of the Circuit Court of Appeals, sustaining its jurisdiction and affirming a decree of the District Court that dismissed the appellant's complaint upon the merits after removal of the suit from a state court.

*Mr. Allen J. Seney,* with whom *Mr. Roy R. Stuart* was on the briefs, for appellant.

The State of Ohio and not the prosecuting attorney is the real party in interest. Valentine Anti-Trust Law, § 6400; Smith Cold Storage Law, §§ 1155–13; 1155–19; General Code of Ohio, §§ 2916, 11241.

These Anti-Trust and Cold Storage Laws are both penal statutes. The federal courts do not enforce such. *Montgomery* v. *Postal Telegraph-Cable Co.,* 218 Fed. 471; *Texas* v. *Day Land Co.,* 41 Fed. 228, 230.

The action is brought in the name of the prosecuting attorney, solely for the benefit of the State. *State ex rel.* v. *Railroad Co.,* 36 Oh. St. 434.

The Circuit Court of Appeals, in its opinion, notwithstanding it concluded that there was diversity of citizen-

ship, found, as a matter of both fact and law, that the
State of Ohio was the real party in interest and hence the
plaintiff.

The judgment was not final in the Circuit Court of
Appeals because jurisdiction was not dependent entirely
on diverse citizenship. Jud. Code, § 128. Sections 128,
239 and 240, Jud. Code, when read together, give ample
authority to this Court to decide in this case on the
appeal the question that is raised here:—Is the State of
Ohio party plaintiff or is Allen J. Seney party plaintiff?

Jurisdiction of this Court to review the judgment of the
Circuit Court of Appeals is determined by an examination
of the petition for removal. *Southern Pacific Co.* v.
*Stewart,* 245 U. S. 562.

*Mr. H. W. Fraser* for appellees.

Mr. Justice McReynolds delivered the opinion of the
Court.

Styling himself the plaintiff, and declaring that he pro-
ceeded officially on behalf of the State, Allen J. Seney,
prosecuting attorney, instituted the original proceeding
against Swift & Company and The Northern Refriger-
ating Company, in the Court of Common Pleas for Lucas
County, Ohio. He charged that those companies were
parties to certain agreements and transactions in respect
of stored pork products denounced by the Valentine Anti-
Trust Law and the Smith Cold Storage Law, and prayed
for an order restraining delivery of the products to Swift
& Company, for a receiver, and for an injunction forbid-
ding further unlawful acts.

In due time, alleging that the controversy was solely
between it and Allen J. Seney, prosecuting attorney, and
complete determination could be had without the pres-
ence of The Northern Refrigerating Company, Swift &
Company asked removal of the cause to the United States

District Court.   Shortly stated, the petition set up. the
following grounds:

1. The controversy is controlled by, and necessarily in-
volves, the Constitution or laws of the United States.

2. Defendant cannot enforce, in the judicial tribunals
of Ohio, its equal civil rights as a citizen of the United
States.

3. The parties are citizens of different States.

Swift & Company filed the record in the District Court,
and later presented an answer and cross petition.   Upon
the claim that the cause was not removable and the Dis-
trict Court lacked jurisdiction, the relator moved to re-
mand to the state court on the record as it then stood,.
and neither party offered affidavits or other evidence in
support of or in opposition thereto.   This motion being
overruled, he refused to litigate the merits.   Thereafter,
evidence was introduced to show that the pork was in
interstate transportation, resting under a storage-in-
transit privilege, and had never been intended for sale in
Ohio.   A. final judgment dismissed the complaint.   The
court based its conclusion in part upon findings of an
adequate affirmative defense.

The relator appealed to the Circuit Court of Appeals,
where he relied wholly upon the jurisdictional question.
That court said, " The only question now in controversy
in this court is whether the court below acquired jurisdic-
tion by the petition for removal," but ruled that the final
decree appealed from involved something more than
jurisdiction, and sustained the appeal.   It considered the
three specified grounds for removal, held the first and
second unsubstantial, the third sufficient, and affirmed
the trial court.   270 Fed. 141.   Thereupon, this appeal
was taken and the relator again seeks to present the single
question upon which he relied below.

After final judgment in the District Court, other de-
fenses being waived, the cause might have come here by
direct appeal upon the jurisdictional question only

(*Wilson* v. *Republic Iron & Steel Co.*, 257 U. S. 92, 96);
but other matters were involved which could have been
reviewed. He chose to go to the Circuit Court of Appeals,
and there assailed the removal and nothing more.

The District Court's jurisdiction depended upon the
substantial grounds alleged in the petition for removal.
*Southern Pacific Co.* v. *Stewart*, 245 U. S. 359, 363, 364.
Without traversing the facts alleged therein, the relator
has always maintained that none of such grounds was
good. The Circuit Court of Appeals adopted his views
as to Nos. 1 and 2 (*supra*) but declared the third—diver-
sity of citizenship—a substantial one. Generally, at least,
suitors may not maintain a position here which conflicts
with that taken below; and the only point now open, in
any view, is that the claim of diverse citizenship lacks
substantiality. *Wilson* v. *Republic Iron & Steel Co.*, 257
U. S. 92, 97, 98. The court below, upon full considera-
tion, rejected this contention.

Section 128, Judicial Code, provides that circuit courts
of appeals shall exercise appellate jurisdiction over final
decisions of district courts in all classes of cases except
those wherein appeals and writs of error may be taken
directly to the Supreme Court.[1]

---

[1] Sec. 128. The circuit courts of appeals shall exercise appellate
jurisdiction to review by appeal or writ of error final decisions in the
district courts, including the United States district court for Hawaii
and the United States district court for Porto Rico, in all cases other
than those in which appeals and writs of error may be taken direct
to the Supreme Court, as provided in section two hundred and thirty-
eight, unless otherwise provided by law; and, except as provided in
sections two hundred and thirty-nine and two hundred and forty, the
judgments and decrees of the circuit court of appeals shall be final in
all cases in which the jurisdiction is dependent entirely upon the
opposite parties to the suit or controversy being aliens and citizens of
the United States or citizens of different States; also in all cases aris-
ing under the patent laws, under the trade-mark laws, under the
copyright laws, under the revenue laws, and under the criminal laws,
and in admiralty cases.

Section 238, Judicial Code, provides that appeals and writs of error may be taken from final judgments of the district courts directly to the Supreme Court when jurisdiction of the court is in issue, in prize causes, cases involving the construction or application of the Constitution of the United States, etc.[2]

The Act of March 3, 1891, c. 517, 26 Stat. 826, from which these sections take their origin, has been uniformly construed as intended to distribute jurisdiction among the appellate courts, prevent successive appeals, and relieve the docket of this Court. If appellant, in the way now attempted, can secure two reviews of a cause wherein he has presented to the court below no controverted question except the jurisdictional one, a fundamental purpose of the statute will be frustrated. *Robinson* v. *Caldwell*, 165 U. S. 359, 362; *Loeb* v. *Columbia Township Trustees*, 179 U. S. 472, 478; *Union & Planters' Bank* v. *Memphis*, 189 U. S. 71, 73, 74; *Carolina Glass Co.* v. *South Carolina*, 240 U. S. 305, 318; *El Banco Popular, etc.* v. *Wilcox*, 255 U. S. 72, 75; *The Carlo Poma*, 255 U. S. 219, 221; *Alaska Pacific Fisheries* v. *Alaska*, 249 U. S. 53, 60, 61.

And we accordingly hold, that whenever the suitor might have come here directly from the District Court upon the sole question which he chose to controvert in the

[2] Sec. 238. Appeals and writs of error may be taken from the district courts, including the United States district court for Hawaii and the United States district court for Porto Rico, direct to the Supreme Court in the following cases: In any case in which the jurisdiction of the court is in issue, in which case the question of jurisdiction alone shall be certified to the Supreme Court from the court below for decision; from the final sentences and decrees in prize causes; in any case that involves the construction or application of the Constitution of the United States; in any case in which the constitutionality of any law of the United States or the validity or construction of any treaty made under its authority is drawn in question; and in any case in which the constitution or law of a State is claimed to be in contravention of the Constitution of the United States.

Circuit Court of Appeals, the judgment of the latter becomes final, and we cannot entertain an appeal therefrom.

The suggestion of counsel that this Court must have denied the writ of certiorari heretofore applied for because of the pending appeal, is not well founded. Such writs are only granted under special circumstances, adequately specified in former opinions. *Hamilton-Brown Shoe Co.* v. *Wolf Brothers & Co.*, 240 U. S. 251, 257, 258.

*Dismissed.*