## SEWALL et al. v. MUTUAL DRUG CO.
### Civ. No. 22878.

District Court, N. D. Ohio, E. D.
Nov. 23, 1945.

Carl A. Hope and Garfield, Baldwin, Jamison, Hope & Ulrich, all of Cleveland, Ohio, for plaintiffs.

Thos. E. Lipscomb, of Cleveland, Ohio, for defendant.

JONES, District Judge.

The plaintiffs instituted this action to recover unpaid installments of rent and taxes due under a 99-year lease on land situated in Missouri. The complaint alleges that defendant is sublessee of the original lessee and that plaintiffs derive their title and interest through mesne conveyances and assignment from the original lessor.

Defendant has moved for a bill of particulars: (1) As to paragraph 6 of the complaint by setting forth copies of the mesne conveyances and assignments by which the plaintiffs acquired all the right, title and interest of the Quapaw Realty Company in the sublease upon which plaintiffs bring their action. (2) As to paragraph 9 of the complaint by stating with more particularity the law of Missouri to which reference is therein made, viz., "By the law of Missouri a Lessor or successor in interest to a Lessor may recover a judgment against a Lessee for the amount of unpaid taxes, which Lessee has covenanted to pay notwithstanding that said taxes have not been paid by the Lessor."

Prior to this action, the defendant sued the plaintiffs in the Circuit Court of Jackson County, Missouri, in an attempt to obtain an adjudication that it could surrender the lease and avoid the obligations thereof. Mutual Drug Company's amended complaint in that case set forth the original lease agreement between Fred H. Fitch and Quapaw Realty Company, the sublease agreement between Quapaw Realty Company and Mutual Drug Company, and an agreement by which Quapaw Realty Company assigned all its rights, title and interest in the sublease to Fitch in consideration for his accepting a surrender of the original lease; it was further alleged that the defendants (plaintiffs here) derived "their title through mesne conveyances from one Fred H. Fitch, fee owner of said real estate, and later by inheritance" and were "the present holders of the fee in said real estate." The case was appealed to the Supreme Court of Missouri, and that court held that, "Defendants, 15 individuals, own the fee in the property through mesne conveyances from the original lessor Fitch and by inheritance from Fitch, now deceased." Mutual Drug Co. v. Sewall et al., 353 Mo. 375, 182 S.W.2d 575, 577.

A motion for a bill of particulars will not be granted unless the facts re-

quested therein are necessary to enable the party to prepare his responsive pleading. D. L. Stern Agency v. Mutual Benefit Health & Acc. Ass'n, D. C., 43 F.Supp. 167; Kraft v. R. H. Macy & Co., D. C., 3 F.R.D. 54. The record in Mutual Drug Co. v. Sewall, supra, shows that defendant has sufficient information concerning plaintiffs' title and interest to enable it to prepare its answer.

In an action in a federal court, it is not necessary to plead the law of any state. In State of Ohio ex rel. Seney v. Swift & Co., 6 Cir., 270 F. 141, 142, certiorari denied 257 U.S. 633, 42 S.Ct. 47, 66 L.Ed. 407, appeal dismissed 260 U.S. 146, 43 S.Ct. 22, 67 L.Ed. 176, the court said: "Whenever a decision of the state court becomes relevant in any aspect of a suit in a United States court, the latter must take judicial notice of the state decisions, just as if they were fully pleaded in the record."

As the law of another state need not be pleaded, the motion for a bill of particulars furnishing exact citations to the law of Missouri should be denied. To require the plaintiffs to furnish exact citations would, in effect, be requiring a brief.

Based upon the foregoing considerations the motion for a bill of particulars will be denied.