STATE TAX COMMISSION, Plaintiff,

v.

UNION CARBIDE CORPORATION, Defendant.

Civ. No. 1–74–173.

United States District Court, D. Idaho.

Dec. 13, 1974.

---

Theodore V. Spangler, Jr., Asst. Atty. Gen., State Tax Commission, Boise, Idaho, for plaintiff.

Peter C. Jenkins and T. H. Eberle, Eberle, Berlin, Kading, Turnbow & Gillespie, Chartered, Boise, Idaho, for defendant.

## MEMORANDUM DENYING MOTION TO RECONSIDER

J. BLAINE ANDERSON, District Judge.

Union Carbide Corporation ("corporation") has moved pursuant to Rule 60, F.R.Civ.P. for reconsideration of the Court's ruling of October 7, 1974, remanding this action to state court. Inasmuch as an order of remand in this type of case is not appealable, 28 U.S.C. § 1447(d), the Court accepts this opportunity to elaborate on the reasons for that decision.

This action was commenced by the Idaho State Tax Commission ("tax commission") by a complaint filed in the District Court for the Fourth Judicial District of the State of Idaho, seeking an order requiring the corporation to comply with a summons previously issued for the production of the corporation's books and records from certain tax years for audit by an auditor from the Multistate Tax Commission. The corporation sought removal of the action to this Court pursuant to 28 U.S.C. § 1441(a) and (b),[1] setting forth in its petition as grounds for original jurisdiction that this was an action "arising under the Constitution, laws, or treaties of the United States" involving the requisite jurisdictional amount, 28 U.S.C. § 1331(a); that this was an action between citizens of different states and involved the requisite jurisdictional amount, 28 U.S.C. § 1332 (a); and that this action is one to prevent the individual members of the commission from depriving the corporation of its civil rights under color of state law (28 U.S.C. § 1343(3)). The tax commission moved to remand contending ju-

1. "(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending."
"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

risdiction was lacking under the above statutes, making removal improper, and further contending that this Court lacked jurisdiction by reason of 28 U.S.C. § 1341, the tax injunction statute. Accordingly, a hearing was had on the above date and following oral argument the Court announced its decision to remand. The Motion to Reconsider immediately followed,[2] based upon the affidavit of Peter Jenkins, attorney for the corporation, which stated that at the time the tax commission's Motion to Remand was being considered here, there was under advisement in the United States District Court for the District of North Dakota a similar motion to remand in a case identical to the case at bar, Dorgan v. International Harvester Company, Civ. No. A1–74–25. The Court has now received and reviewed a copy of Judge Van Sickle's Order of October 24, 1974, in the *Dorgan* case, denying Dorgan's motion to remand.

Although the issues presently before the Court are purely jurisdictional, the controversy between the corporation and the tax commission concerns the Multistate Tax Compact, I.C.Supp. § 63–3701, adopted by Idaho in 1967. Generally, the Multistate Tax Compact, which has now been adopted by 27 states, establishes a uniform method for the allocation between member states of income earned by multistate corporations and businesses, which income is subject to the various member state's income tax laws. The compact has many provisions, one of which establishes the Multistate Tax Commission, composed of the State Tax Commissioners or heads of tax commissions of each member state. The members of the Multistate Tax Commission in turn elect officers and appoint an Executive Director. The compact gives the Multistate Tax Commission the power and duty to administer its provisions and also for those states who wish to adopt that portion of the compact, gives the Multistate Tax Commission the power at the request of or in conjunction with the member states to conduct "interstate audits."[3]

It is the power to conduct interstate audits with which the multistate corporations and businesses take particular exception. As a result, some of the larger corporations such as Union Carbide have filed a class action in the United States District Court for the Southern District of New York on behalf of themselves and all other multistate taxpayers against the Multistate Tax Commission, its officers, Executive Director and the various state tax commissioners or heads of the state tax commission, contesting the validity of the Multistate Tax Compact primarily on the grounds that it violates the Commerce Clause and Compact Clause of the United States Constitution, Art. I, § 8 and Art. I, § 10, cl. 3, respectively. United States Steel Corp., et al v. Multistate Tax Commission et al., 367 F.Supp. 107. Both Union Carbide and the head of the Idaho State Tax Commission are parties to that action. Judge Tenney, to whom the case was assigned, has ruled on some of the issues presented here. See 367 F.Supp. 107 (S.D.N.Y.1973).

The plaintiffs in *United States Steel* did not seek a preliminary injunction against performing the interstate audits pending resolution of the case on the merits. Thus, the Multistate Tax Commission and many of the member states have attempted, as characterized by the corporation, a series of "end runs". The strategy of the "end run" is to proceed with the interstate audits and if they are resisted, to instigate enforcement procedures under state law in the various state courts.

This has necessarily placed many of the multistate taxpayers, who are plain-

2. The Order of Remand had not been signed at the time the corporation filed its Motion to Reconsider. Accordingly, the Court had not divested itself of jurisdiction to further consider this matter. Cf. Bucy v. Nevada Construction Co., 125 F.2d 213 (9th Cir., 1942).

3. Article VIII of the compact creates the power to conduct the interstate audits. The adoption of the Article is up to the individual state. Not all of the member states have adopted the article, but Idaho has.

tiffs in the New York action, in the precarious position of having to resist production of their books and records by defending in an enforcement action. In response, some of the multistate taxpayers such as the corporation here and International Harvester in *Dorgan* have sought removal into federal court, requesting that the proceedings be stayed pending a decision in *United States Steel* or a transfer of the action to the Southern District of New York pursuant to 28 U.S.C. § 1404.[4]

## I.

 Whether a case is removable under 28 U.S.C. § 1441(a) or (b) depends upon whether the action is one of which this Court would have original jurisdiction. If not, removal would be improper. Matter of Dunn, 212 U.S. 374, 29 S.Ct. 299, 53 L.Ed. 558 (1909); Grubbs v. General Electric Credit Corp., 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972); Southern Pac. Co. v. Mc-

Adoo, 82 F.2d 121 (9th Cir., 1936). And it must be kept in mind that federal courts are courts of limited jurisdiction with only such power to hear and determine cases as Congress defines. Thus, the removal statute, like all federal jurisdictional statutes, must be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L. Ed. 1214 (1941).

## II.

 The Motion to Reconsider asks the Court to review its decision on two of the questions presented by the Motion to Remand,[5] i. e., whether there exists jurisdiction under the diversity statute and whether the action is otherwise barred by 28 U.S.C. § 1341.[6] However, a lack of jurisdiction under either statute necessitates remand. Thus, even assuming for purposes of argument that this Court has jurisdiction based upon diversity of citizenship,[7] the action must be remanded if § 1341 is applicable.

---

4. 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Assuming jurisdiction, this Court would not have the power to transfer this action as it could not have been brought in New York.

5. The allegations of original jurisdiction pursuant to 28 U.S.C. § 1331(a) and § 1343(3) are without merit. The federal question of the unconstitutionality of the Multistate Tax Compact is raised for the first time in the removal petition. See Gully v. First Nat'l. Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936) and Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). Likewise, removal jurisdiction cannot be predicated upon 28 U.S.C. § 1343 (3), the counterpart to 42 U.S.C. § 1983, the Civil Rights statute. No authority has been cited or found in support of that theory. The corporation did not *commence* this action as § 1343(3) would seem to require. (emphasis supplied) Cf. Tennessee ex rel. Davis v. Market Street News, 357 F.Supp. 74 (E.D. Tenn.1973).

6. 28 U.S.C. § 1341 provides:
"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state."

7. The corporation's theory on the diverse citizenship of the parties is quite interesting. Relying upon the doctrine of Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), and a Sixth Circuit decision, State of Ohio ex rel. Seney v. Swift & Co., 270 F. 141 (6th Cir. 1921), cert. den. 257 U.S. 633, 42 S.Ct. 47, 66 L.Ed. 407, appeal dismissed, 260 U.S. 146, 43 S.Ct. 22, 67 L.Ed. 176 (1922), the corporation contends that because the individual members of the tax commission are acting unconstitutionally, they are acting in their individual rather than their governmental capacities. Thus, for purposes of determining diversity the members of the tax commission are the real parties in interest rather than the State of Idaho and it is their citizenship which is controlling. The Court in *Dorgan* also adopted this theory. However, Ex parte Young and the most recent case reaffirming it, Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), were not cases brought by the government official against an individual and were not cases where jurisdiction was based upon diversity of citizenship. This action was brought by the tax commission pursuant to state law. Furthermore, *Seney* has been limited to apply only to the facts presented therein, and is distinguishable from the case at bar. See Olsen v. Doerfler, 225 F.Supp. 540 (E.D.Mich. 1963). Without deciding the question, this Court doubts that Congress intended that federal jurisdiction be asserted in such a "left-handed" or "back-door" fashion.

■ The corporation argues first that § 1341 is not applicable because there is no attempt by it here to "enjoin, restrain or suspend the collection of any tax under state law," only prevent an audit by an allegedly unconstitutional body or stay these proceedings pending the outcome in *United States Steel*. However, such an argument ignores the reality of what the corporation is attempting to do.

The corporation and the plaintiffs in *United States Steel* may argue mainly with the audit by the Multistate Tax Commission, but they attack the constitutionality of the entire Multistate Tax Compact which contains substantive tax provisions regarding the allocation of income between states in which a multistate taxpayer does business. Even those tax commissioners, whose states have not adopted the interstate audit provision of the compact are defendants in *United States Steel*. In order to prevent an audit by a state or by the Multistate Tax Commission pursuant to the Multistate Tax Compact, the entire compact must be declared unconstitutional.

A stay of these proceedings is no less a suspension or restraint of the collection of a state tax than granting preliminary injunctive relief. The power to audit and an audit procedure are integral and necessary parts of the collection or assessment of any income tax. If this and future enforcement proceedings are stayed, there will be no audit to determine the correctness of a tax payment made under the provisions of the compact. Thus, the collection of a tax which may be due by reason of the substantive provisions of the compact would be suspended pending the outcome in *United States Steel*; an outcome which may take years while appellate remedies are exhausted.

In the alternative, the corporation contends that there exists no "plain, speedy and efficient remedy" in the state courts of Idaho, thus permitting federal intervention under § 1341.

■ The cases which have interpreted this language in § 1341 have held that the state remedy must be "adequate", but need not be "the best remedy available or even equal to or better than the remedy which might be available in the federal courts." Mandel v. Hutchinson, 494 F.2d 364, 367 (9th Cir., 1974); Bland v. McHann, 463 F.2d 21, 29 (5th Cir., 1973), cert. den. 410 U.S. 966, 93 S.Ct. 1438, 35 L.Ed.2d 700 (1973). A federal court may also entertain an action otherwise within § 1341 if to do so would prevent a multiplicity of suits. Matthews v. Rodgers, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447 (1932); United States Steel Corp. v. Multistate Tax Commission, supra.

It is important to remember that this Court has before it one state tax commission and one multistate taxpayer. This is not a class action involving all multistate taxpayers, the Multistate Tax Commission and its members from each state as in *United States Steel*. There Judge Tenney rightly held that any state remedies available to the multistate taxpayers would not be adequate because it would involve a multiplicity of suits in each of the member states. If Judge Tenney had declined to exercise jurisdiction, each multistate taxpayer would have been required to bring a similar suit for injunctive and declaratory relief, seek review after assessment or defend an enforcement proceeding.

In *Dorgan* the Court relied upon the reasoning of Judge Tenney when it also held that there was no adequate state remedy in the North Dakota Courts. However, the *Dorgan* case and this case differ critically from *United States Steel*. A multiplicity of suits cannot be prevented by any relief which this Court has power to grant.

■ A stay of these proceedings would not prevent the other member states from going forward with an audit of Union Carbide or any other multistate taxpayer. Nor would a stay prevent the tax commission from bringing other enforcement proceedings against

a different multistate taxpayer. This Court, if it exercised jurisdiction, could only do one of two things: (1) hear and determine the case on the merits after convening a three-judge court, which would be senseless in light of the progress of *United States Steel* and in which case only the Idaho Tax Commission could be restrained from enforcing the Multistate Tax Compact, assuming disposition here favorable to the corporation; or (2) stay the proceedings pending the outcome in *United States Steel*, which would have practically no effect on future litigation, as already indicated. The remedies which this Court could grant are therefore no different than those which could be afforded by the Idaho state court if the matter were before it. It follows that the remedy in state court is adequate.[8]

Every argument presented here by the corporation in support of its position on the merits or in support of a stay of the proceedings[9] can be presented to the state court and there is no reason to suspect those arguments will fall upon deaf ears. In fiscal matters such as this, where the state courts are in as good or a better position to grant the relief requested, Congress has determined that the federal courts should abstain from exercising jurisdiction. With all due respect for the North Dakota Court's Order of October 24, 1974, retaining jurisdiction in the *Dorgan* case, this Court cannot agree that the same result should be reached here.

It is therefore ordered that Union Carbide's Motion to Reconsider be denied. The Order of Remand will be signed forthwith and the record in this matter transmitted back to the District Court for the Fourth Judicial District of the State of Idaho. Union Carbide shall bear all costs.

---

8. The state court action is in the district court to directly enforce a state tax commission summons and is authorized by Idaho Code, Section 63–3043. A judgment in the state district court would be a final judgment and appealable as of right by the party aggrieved to the Supreme Court of Idaho. Idaho Code, Section 13–201. There are no intermediate courts of appeal in Idaho. Union Carbide is not in a position of being forced to proceed under the somewhat more circuitous route afforded by Idaho Code, Section 63–3049. In any event, even the latter procedure would appear to be amply adequate.

9. A request to stay the proceedings in state court would address itself to the discretion of that Court just as it would in this Court. See Freeman v. McQuade, 80 Idaho 387, 331 P.2d 263 (1958).