**SOO LINE RAILROAD COMPANY,**
**Plaintiff,**

v.

**CITY OF HARVEY and Vance L. Kro, as**
**Auditor of Wells County, North**
**Dakota, Defendants.**

**Civ. No. A3–76–48.**

United States District Court,
D. North Dakota, S. D.

Nov. 24, 1976.

On Motion for Reconsideration
Dec. 30, 1976.

Harold L. Anderson, Pearce, Anderson, Pearce, Thames & Pearce, Bismarck, N. D., for plaintiff.

Robert V. Bolinske, Zuger & Bucklin, Bismarck, N. D., for defendants.

BENSON, Chief Judge.

## ORDER

Plaintiff instituted this action in District Court of the State of North Dakota, then removed it to this Court alleging that diversity of citizenship confers jurisdiction on this Court under 28 U.S.C. § 1332. It commenced this action seeking review, pursuant to NDCC Chapter 40–26, of a special assessment by the City of Harvey, North Dakota. It asks the Court to declare the special assessment void and to order a reassessment, or, alternatively to determine the true amount of the benefit accruing to Plaintiff's property. Plaintiff contends, in its Petition for Removal, that NDCC §§ 40–26–01 and 40–26–07 compel it to be nominally designated "plaintiff" in this action but is, in fact, a "defendant" for the purposes of removal. Defendant has not moved to remand and seeks, by stipulation by the parties, to amend its answer herein.

The Court may order remand in a proper case sua sponte. *Cutler v. Rae*, 48 U.S. (7 How.) 729, 12 L.Ed. 890 (1849); *Wabash Ry. Co. v. Lindley*, 28 F.2d 829 (8th Cir. 1928). 28 U.S.C. § 1341 provides:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

A special assessment levied by a municipal corporation against a railroad is a tax within the meaning of this section.

*Chicago St. P., M. & O. Ry. Co. v. City of Randolph*, 122 F.Supp. 302 (D.Neb.1954). The equitable policy that led federal courts to refrain from enjoining collection of allegedly unlawful state taxes also governs the exercise of their discretion in withholding relief under the Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202. *Hillsborough Tp., Somerset County, N. J. v. Cromwell*, 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358 (1946); *Aluminum Co. of America v. Department of Treasury of the State of Michigan*, 522 F.2d 1120 (6th Cir. 1975). Section 1341 requires this Court to abstain from acting on Plaintiff's request for declaratory relief from the special assessment if there exists a "plain, speedy and efficient" means of relief under state law. *See Gray v. Morgan*, 371 F.2d 172 (7th Cir. 1966), *cert. denied*, 386 U.S. 1033, 87 S.Ct. 1484, 18 L.Ed.2d 596 (1967).

A "plain, speedy and efficient remedy" within the meaning of the Johnson Act, 28 U.S.C. § 1341, may be found both in statutory law and state court decisional authority. *Tully v. Griffin*, —— U.S. ——, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976). Chapter 40–26, North Dakota Century Code, sets out the state court procedure for review of the levy and apportionment of special assessments, and is the authority pursuant to which the action was brought in state court initially. That chapter of the Century Code is a "plain, speedy and efficient remedy" available to the litigants in state court. With a "plain, speedy and efficient remedy" existing in the North Dakota statute, a remedy under state court decisional authority is immaterial.

Although Plaintiff alleges the tax assessment in question is unconstitutional, this averment does not confer jurisdiction on this Court.

"Whenever the question has been presented, this Court has uniformly held that the mere illegality or unconstitutionality of a state or municipal tax is not in itself a ground for equitable relief in the courts of the United States. If the remedy at law is plain, adequate, and complete, the aggrieved party is left to that

remedy in the state courts, from which the cause may be brought to this Court for review . . . ." *Matthews v. Rodgers*, 284 U.S. 521, 525–526, 52 S.Ct. 217, 219, 76 L.Ed. 447 (1932).

■ Even though this Court would have jurisdiction based upon diversity, the action must be remanded to the state court where § 1341 is applicable.[1] *See State Tax Commission v. Union Carbide Corp.*, 386 F.Supp. 250 (D.Idaho 1974).

IT IS ORDERED the above entitled action is remanded to the North Dakota District Court, Fourth Judicial District.

### On Motion for Reconsideration

This case and *Tri-State Land Company v. City of Harvey, et al.*, Civil No. A3–76–50, were remanded sua sponte to North Dakota District Court on the basis that 28 U.S.C. § 1341 precluded the Court from granting the relief sought in the Complaints and because the State court was a more appropriate forum in which to litigate the issues presented. Plaintiff has filed a timely motion for reconsideration of the remand order on the grounds that:

1. The Court, by its orders, found that it had jurisdiction of the actions remanded and 28 U.S.C. § 1447(c) limits a court's orders remanding an action and issued sua sponte to actions where jurisdiction is lacking;

2. The Court misconstrued 28 U.S.C. § 1341 in holding that Plaintiff's action falls within the purview of that section.

On reconsideration, the Court concludes the grounds asserted by Plaintiff are without merit. The brief in support of the motion fails to cite authority for the proposition that this Court's finding of diversity jurisdiction in its remand order barred it from remanding under 28 U.S.C. § 1447(c). In *State Tax Commission v. Union Carbide Corporation*, 386 F.Supp. 250 (D.Idaho 1974), the court stated:

"[E]ven assuming for purposes of argument that this Court has jurisdiction based upon diversity of citizenship, the action must be remanded if § 1341 is applicable." *Id.* at 253 (footnote omitted).

In support of its second ground, Plaintiff cites *City of Owatonna v. Chicago, Rock Island and Pacific Railroad Company*, 298 F.Supp. 919 (D.Minn.1969). That case, while similar to the instant case, did not refer either to § 1341 or whether there was a "plain, speedy and efficient" remedy in the state courts of Minnesota. Rather, it stands as authority for the proposition that the railroad in perfecting an appeal to the state court from the city's assessment along railroad property was a "defendant" for removal purposes and is entitled to remove the action to federal court on the basis of diversity.

There is no basis for disturbing the original remand order.

IT IS ORDERED Plaintiff's Motion for Reconsideration is DENIED.

---

1. It is not necessary for the purpose of this Order to determine whether the action was properly removed under Plaintiff's theory that it is only a nominal plaintiff and is actually the defendant in the state court action. By re- manding the action to state court on other grounds the Court does not intend to express an opinion as to the propriety of this removal procedure.