**Thad EURE, Secretary of State of the State of North Carolina and Huyck Corporation**

v.

**NVF COMPANY, Security Management Corporation and Victor Posner**

No. 79–470–Civ.–5.

United States District Court,
E. D. North Carolina,
Raleigh Division.

Sept. 21, 1979.

**640**

Thomas F. Moffitt, Asst. Atty. Gen., North Carolina Dept. of Justice, Raleigh, N. C., for plaintiff Secretary of State.

Henry A. Mitchell, Jr., Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, N. C., Wachtell, Lipton, Rosen & Katz, New York City, for plaintiff-intervenor Huyck Corp.

E. Lawrence Davis, Womble, Carlyle, Sandridge & Rice, Winston-Salem, N. C., Shearman & Sterling, New York City, for defendants.

MEMORANDUM OF DECISION

DUPREE, Chief Judge.

The North Carolina Secretary of State, Thad Eure, brought this action on July 11,

1979 in Wake County Superior Court in order to enforce the defendants' compliance with the Tender Offer Disclosure Act, N.C. G.S. § 78B–1, *et seq.*, in the course of purchasing Huyck Corporation common stock. Preliminary injunctive relief was sought and Huyck Corporation moved to intervene as a party-plaintiff.

The defendants removed the action to this court on August 10, 1979 pursuant to 28 U.S.C. § 1441 Jurisdiction is predicated upon 28 U.S.C. §§ 1332 (diversity), 1331(a) (federal question), 1337 (federal commerce statutes) and 1343(3) and (4) (deprivation of privileges and immunities secured by the Constitution). Defendants contend they are exempted from compliance with the Act and that, in any event, the Act violates the supremacy and commerce clauses of the Constitution. The Secretary has moved to remand and the court conducted a hearing on the remand issues on September 11, 1979.

The court took the remand questions under advisement and in the interim (1) allowed Huyck Corporation to intervene, and (2) granted a temporary restraining order enjoining defendants from further purchases of Huyck stock until September 24, 1979. The court advised the parties it would rule on the remand question prior to expiration of the TRO and does so now.[1]

Broadly speaking, a state action may be removed to federal court when the action could have been originally brought in federal court. Defendants cite several bases for federal subject matter jurisdiction upon which removal may be predicated.

*Diversity.* The defendants' reasoning in support of diversity jurisdiction is as follows: Defendant NVF Company is a Dela-

ware Corporation with its principal place of business in Delaware. Defendant Security Management Corporation is a Maryland Corporation with its principal place of business in Florida. Plaintiff Thad Eure is a citizen of North Carolina. Plaintiff Huyck is a New York Corporation with its principal place of business in North Carolina. Therefore, complete diversity exists.

Eure cannot be considered, however, in determining the diversity question. He brought this action pursuant to express statutory authority in his official capacity as Secretary of State. He has acted, in effect, as the alter ego of the state, and the state cannot be deemed a citizen for diversity purposes. *Moore v. County of Alameda,* 411 U.S. 693, 717, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

Nor can Eure be considered a separate individual under the fiction developed in *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The rationale of that case permitted the enjoining of unconstitutional acts by state officials, but it has no application to diversity jurisdiction. *National Market Reports, Inc. v. Brown,* 443 F.Supp. 1301, 1305 n.7 (S.D.W.Va.1978). In so holding, this court follows the line of cases which have rejected the reasoning of *State of Ohio ex rel. Seney v. Swift & Company,* 270 F. 141 (6th Cir. 1921), *cert. denied,* 257 U.S. 633, 42 S.Ct. 47, 66 L.Ed. 407, *appeal dismissed,* 260 U.S. 146, 43 S.Ct. 22, 67 L.Ed. 176 (1922), and limiting that case to its peculiar facts. *E. g., Brown, supra; Olsen v. Doerfler,* 225 F.Supp. 540 (E.D.Mich.1963); and *State Tax Commission v. Union Carbide Corporation,* 386 F.Supp. 250, 253 n. 7 (D.Idaho 1974).[2]

---

1. Because the court considers it lacks subject matter jurisdiction under 28 U.S.C. §§ 1331(a), 1332, 1337 and 1343 (upon which the propriety of removal is predicated), the court need not decide (1) whether this is a "civil action" contemplated by 28 U.S.C. § 1441, (2) the applicability of *Younger* and *Pullman* abstention, or (3) the propriety of preliminary injunctive relief.

2. Defendants also cite *Great Western United Corporation v. Kidwell,* 577 F.2d 1256 (5th Cir.

1978), *rev'd on venue grounds,* —— U.S. ——, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979), as a case following the *Seney* reasoning. The court reads *Kidwell* differently. *Kidwell* states that a state official sued in another state as an individual under the *Ex Parte Young* fiction does not retain his home state's privilege of being sued only by consent. *Kidwell* addresses concerns directly voiced by *Young.* It has nothing to do with diversity jurisdiction because federal question jurisdiction was present in *Kidwell.*

Assuming *arguendo* that the *Seney* reasoning is sound, however, the case still remains inapplicable. In *Seney*, the plaintiff state official did not, as the plaintiff here has done, sue pursuant to any express statutory authority. Moreover, the state laws originally sought to be enforced by the plaintiff were later determined not to be applicable to the remaining defendants' conduct. *Seney*, 260 U.S. at 148, 43 S.Ct. 22. The state official could therefore have been deemed an individual without resort to the *Young* fiction. In contrast, the state official in this case sues pursuant to express statutory authority and plaintiff argues that the North Carolina Act directly applies to defendants' conduct. *Olsen, supra.*

Defendants argue two other exceptions to buttress their diversity argument. First, they contend that Huyck, and not the state, is this case's real party in interest and that Huyck alone can be considered in the diversity computation, citing *Blease v. Safety Transit Company,* 50 F.2d 852 (4th Cir. 1931). *Blease* involved a state official preventing a new bus company from doing business until it secured a "certificate of public convenience." The defendant bus company removed the action on the basis of diversity. The plaintiff was treated as an individual because he sued only on behalf of entrenched bus line competitors and not the state. Here, however, the Secretary of State represents far more than the adverse interests of entrenched Huyck management. He represents (a) Huyck stockholders, (b) the investing public interested in buying Huyck stock, (c) all members of the public interested in aboveboard dealings in the purchase of stock, and (d) the local economy, which may be adversely affected by a purchaser who might drain the assets of the target corporation. The Secretary therefore evidences a direct interest in this case, particularly in light of his sworn duty to execute North Carolina's corporation laws. See Comment, *The North Carolina Tender Offer Disclosure Act: Congenitally Defective?,* 14 W.F.L.Rev. 1035 (1978).

▪ Defendants finally argue that even if Secretary Eure is considered to represent the state for diversity purposes, the intervention of Huyck Corporation after removal creates diversity. This argument is without merit. *New Orleans v. Winter,* 14 U.S. (1 Wheat.) 91, 94–95, 4 L.Ed. 44 (1816), *applying, Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

In summation, the court concludes that diversity jurisdiction does not exist.[3]

*Federal Question.* Defendants contend in their petition for removal and answer that the North Carolina Tender Offer Act is void for it imposes an undue burden on interstate commerce and is preempted by the federal Williams Act. 15 U.S.C. §§ 78*l*(*1*), 78m(d), (e), 78n(d)–(f) (1976).

▪ The basis of federal question jurisdiction, however, must appear upon the face of the state court complaint, and it cannot be supplied by reference to the answer or petition. *Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). The instant complaint contains only allegations of non-compliance with the state Tender Offer Act. Accordingly, no federal question exists. *Louisville & Nashville Railroad Company v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Nor does jurisdiction under 28 U.S.C. § 1337 exist. *Carlson v. Coca-Cola Company,* 483 F.2d 279 (9th Cir. 1973).

---

**3.** The defendants have now cited in support of their diversity claim an unpublished decision by Judge Robert M. Merhige of the Eastern District of Virginia in which a corporation sued a state official in an effort to enjoin enforcement of the Virginia Take-Over Act. The case is of little utility, however, for several reasons. First, the preliminary injunctive relief granted by Judge Merhige has been stayed by the Fourth Circuit. *Telvest, Inc. v. Bradshaw,* 79–722–R (E.D.Va., Sept. 3, 1979) [unpublished], *preliminary injunctive relief stayed pending appeal,* Nos. 79–1568 and 1569 (4th Cir., Sept. 18, 1979). Second, federal question jurisdiction clearly exists under the *Gully* test *Telvest,* rendering a finding of diversity jurisdiction unnecessary. Third, Judge Merhige found diversity jurisdiction without discussion, and the record does not indicate the issue was raised before Judge Merhige. Fourth, the state official in *Telvest* is the defendant, instead of the plaintiff as here, and no indication is given whether he is sued in his individual or official capacity.

Defendants counter that the *Gully* "face of the complaint" test is not absolute. Citing *State of New York v. Local 144, Hotel, Nursing Home and Allied Health Services Union,* 410 F.Supp. 225 (S.D.N.Y.1976), and *Rettig v. Arlington Heights Federal Savings & Loan Association,* 405 F.Supp. 819 (N.D.Ill.1975), defendants contend that a complaint based upon state law preempted by federal legislation raises a federal question for jurisdictional purposes, regardless of whether the federal question appears on the face of the complaint. Defendants argue that the North Carolina Act is preempted by the Williams Act, and that consequently the complaint raises a federal question in a manner contemplated by *Local 144* and *Rettig*. The result achieved would be desirable in that it would prevent a plaintiff from concealing a federal question in his complaint and thereby circumventing a defendant's right to have his case heard in a federal forum.

The benefit to be derived from such an exception to the usual rule, however, is outweighed by other considerations. For example, the state judges of North Carolina are just as capable of adjudicating the federal rights of these parties as this court. The defendants are not prejudiced, therefore, if preemption is regarded as merely a defense to the state law claim, and not as a ground for removal. *Washington v. American League of Professional Baseball Clubs,* 460 F.2d 654, 660 (9th Cir. 1972); *Lowe v. Trans World Airlines, Inc.,* 396 F.Supp. 9, 12 (S.D.N.Y.1975); *Marquette National Bank v. First National Bank of Omaha,* 422 F.Supp. 1346, 1352–53 (D.Minn.1976), *aff'd on appeal from state courts after federal court remand,* 439 U.S. 299, 99 S.Ct. 540, 58 L.Ed.2d 534 (1978); *State of New York v. Local 1115,* 412 F.Supp. 720, 723 (E.D.N.Y. 1976) [criticizing *Rettig, supra*]; *Borzello v.*

*Charles D. Sooy,* 427 F.Supp. 332 (N.D.Cal. 1977) [criticizing *Local 144, supra*]. In addition, the exception would detract from the simplicity and ease of application of the *Gully* "face of the complaint" test. Judicial economy would be ill-served if the federal court should conclude that no basis for remand exists, but only after it has been first forced to make an in-depth exploration of the possibility of preemption. This court chooses instead to heed the warning of Justice Cardozo: "[C]ourts have formulated the distinction between . . . disputes that are necessary and those that are merely possible. We shall be lost in a maze if we put that compass by." *Gully,* 299 U.S. at 118, 57 S.Ct. at 100.

The rationale of the exception sought to be invoked by defendants is not only unpersuasive, it is inapplicable to the facts of this case. A federal court needs to concern itself with the circumvention of its jurisdiction by a state court plaintiff in two primary instances. The first is when a state plaintiff disguises his complaint so that it hides a claim that rests within the *exclusive* jurisdiction of the federal courts (e. g., bankruptcy, patents, copyrights). In that case, removal is proper. *See Local 144, supra, citing Coditron Corporation v. AFA Protective Systems, Inc.,* 392 F.Supp. 158 (S.D.N.Y.1975) (patents); *Hearst Corporation v. Shopping Center Network, Inc.,* 307 F.Supp. 551 (S.D.N.Y.1969) (copyrights). In this case, however, the court need not be concerned that the Wake County Superior Court is hearing matters that belong exclusively in federal court. The plaintiff seeks to enforce a state statute that touches upon areas unencumbered by federal regulation.[4]

Another area in which a federal court needs to be concerned with in this connection is when the state plaintiff's claim is

---

**4.** It might be argued that because (1) actions enforcing the federal Williams Act belong exclusively in federal court, 15 U.S.C. § 78aa, and (2) the Williams Act preempts the North Carolina Act, then the plaintiff can be accused of preventing this court from hearing a matter within its exclusive jurisdiction. The argument assumes too much. Had the plaintiff complained in state court of a breach of a duty

imposed by the Williams Act, it might be a clear circumvention of this court's exclusive power. However, it is another matter when plaintiff complains of a breach of a duty imposed, not by federal law, but by a state law that only allegedly has been preempted by Congress. Absent a prior judicial finding of preemption, there can be no federal remedy clearly shown to be exclusive and circumvented.

**644**

premised upon a state law in direct conflict with federal law. In such an instance, the plaintiff is put on notice that the state statute has been preempted by federal law when he discovers that dual compliance is impossible due to conflicting state-federal provisions. If he should then bring an action in state court based upon the state law, he can be deemed to have taken steps to avoid federal concerns, and a federal court might justifiably deny the plaintiff's motion to remand. *E. g., Local 144, supra; Rettig, supra; S. E. Overton Company v. International Brotherhood of Teamsters,* 115 F.Supp. 764 (W.D.Mich.1953); *but see, e. g., Johnson v. First Federal Savings and Loan of Detroit,* 418 F.Supp. 1106 (E.D.Mich. 1976) (remand proper whatever type of preemption involved).

▪ Comity considerations are not as easily discarded, however, when a state regulation poses "an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1940), but does not directly conflict with federal law. In such instance, the state statute may frustrate federal law, but dual compliance at least is possible. When (1) explicit state-federal conflict is absent and (2) no court has determined that federal law has preempted state provisions, then deliberate circumvention of the federal forum is unlikely. The concerns militating in favor of the exception to the *Gully* "face of the complaint" test are thereby alleviated.

Here, the removing defendants do not state that dual compliance with the Williams Act and state disclosure requirements is impossible. Rather, they argue that the state statute merely frustrates federal policy because it regulates activity Congress believes should be unfettered. The plain-

tiff, therefore, could not easily divine federal preemption and draft its complaint so as to circumvent concomitant federal question jurisdiction.

The court thus concludes that the *Local 144—Rettig* rationale is not applicable here and that the *Gully* "face of the complaint" test remains the controlling precedent.[5]

▪ *Deprivation of Constitutional Rights.* The remedial and jurisdictional statutes of 42 U.S.C. § 1983 and 28 U.S.C. §§ 1343(3)–(4) exist primarily for the preservation of all persons' rights conferred by the Fourteenth Amendment, regardless of race. The impact of a state's tender offer disclosure act upon federal concerns is not encompassed within the interests protected by the Fourteenth Amendment or Section 1983. Therefore, removal predicated upon 28 U.S.C. § 1343(3)–(4) is not warranted, whether pursuant to 28 U.S.C. § 1441, *State Tax Commission v. Union Carbide Corporation,* 386 F.Supp. 250 (D.Idaho 1974), or Section 1443 (civil rights removal), *West Virginia State Bar v. Bostic,* 351 F.Supp. 1118 (S.D.W.Va.1972).

## CONCLUSION

▪ The court's rejection of each of defendants' arguments does not detract from the fact that defendants have raised cogent and troubling points regarding removal. But the propriety of this court's jurisdiction is at best doubtful; and where removal is doubtful, the case should be remanded. Wright, Miller & Cooper, *Fed.Prac. & Proc.: Civil* § 3739, pp. 762–63 and n. 23 (1970)

An order of remand will be entered.

---

5. Other cases cited in *Local 144* and *Rettig* discard the *Gully* test and apply the exception for a reason not relevant to federal question jurisdictional concerns: one can look to facts outside of the complaint if jurisdiction depends upon the status of a thing or person. *E. g., Strawbridge, supra* (status of party's citizenship determines diversity jurisdiction); *Fay v. American Cystoscope Makers, Inc.,* 98 F.Supp. 278 (S.D.N.Y.1951); *Minkoff v. Scranton*

*Frocks, Inc.,* 172 F.Supp. 870 (S.D.N.Y.1959) (court can look outside complaint when jurisdiction is predicated upon 28 U.S.C. § 185 in order to determine if business "affects commerce"); *Ulichny v. General Electric Company,* 309 F.Supp. 437 (N.D.N.Y.1970); *La Chemise Lacoste v. Alligator Company,* 313 F.Supp. 915 (D.Del.1970) (court can look outside complaint to determine if trademark exists in lawsuit concerning sale of trademark rights).