The Honorable John C. Edwards State Representative
40 Sherrill Road Little Rock, Arkansas 72202
Dear Representative Edwards:
I am writing in response to your request for an opinion concerning your service in the Arkansas National Guard. As background for your question, you state that when you were seated in the Arkansas House of Representatives in January, 2009, you were a Colonel in the National Guard serving as Deputy Chief of Staff for Information Management. You note that questions have arisen from time to time concerning the appropriateness of a General Assembly member also serving in the National Guard. For that reason, you have asked:
 Can I, as an elected State Representative, continue to serve as a member of the Arkansas National Guard, and if so, are there any limitations to my service in the National Guard? I also pose the same question for service in the U.S. Army Reserves.
RESPONSE
In my opinion, the Arkansas Constitution expressly permits your continued service in the National Guard position you held when you were elected to the General Assembly. Ark. Const. art. 5, § 7. While it is difficult to speculate regarding any limitations on your continued service in the National Guard, I will note that questions may arise under the Arkansas Constitution in the event of your reappointment, or your appointment to another position in the Guard.[1] As *Page 2 
discussed further below, however, a federal law — the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301-33 — may preempt any state constitutional proscription and allow you to hold both positions in that event. Dual service in the U.S. Army Reserves and Arkansas General Assembly may also be approved by the USERRA. Because I am not an authority on this federal law, however, consultation with federal officials and/or with the U.S. Attorney's office is advisable in that respect.
DISCUSSION
The Arkansas Code expressly identifies the National Guard as an arm of the militia. A.C.A. § 12-61-101(a) (Repl. 2003).[2] Because you qualify as a "militia officer," Article 5, Section 7 of the Arkansas Constitution in my opinion expressly permits your continued service in the National Guard position you held when you were elected to the Arkansas General Assembly. This constitutional provision states:
 No judge of the Supreme, Circuit or inferior courts of law or equity, Secretary of State, Attorney General for the State, Auditor or Treasurer, Recorder, clerk of any court of record, Sheriff, Coroner, member of Congress, nor any other person holding any lucrative office under the United States or this State
(militia officers, justices of the peace, postmasters, officers of public schools and notaries excepted), shall be eligible to a seat in either house of the General Assembly.
Ark. Const. art. 5, § 7 (emphasis added).
Given your position as a Colonel in the National Guard, I assume you hold a "lucrative office under the United States or this State" and thus would be subject to this proscription but for the express exemption for "militia officers." Because you qualify as a "militia officer," see A.C.A. § 12-61-101(a),supra at note 2, you *Page 3 
plainly were eligible to take a seat in the Arkansas General Assembly. And it appears that you may continue to serve in the National Guard position you held at the time of your election to the House. See generally Williams v. Douglas,251 Ark. 555, 473 S.W.2d 896 (1971) (stating with regard to the exception language of Ark. Const. art. 5, § 7 that "the framers apparently recognized that each house of the General Assembly must take the excepted officers as they found them for seating purposes and that those members could simultaneously hold both offices for there is no prohibition to the contrary.")
This conclusion does not obtain, however, with respect to a member of the U.S. Army Reserves. The Arkansas Supreme Court inJones v. Clark, 278 Ark. 119, 124, 644 S.W.2d 257 (1983), addressed the question of whether Ark. Const. art. 6, § 22 prohibited Attorney General Steve Clark from serving both as Arkansas Attorney General and as a reserve commissioned officer in the United States Army. 278 Ark. at 121.[3] After noting that such service would clearly run afoul of the art. 6, § 22 proscription, the court went on to consider whether Mr. Clark qualified as a "militia officer" subject to Ark. Const. art. 19, § 26. Id. at 123.[4] The court answered this question in the negative and consequently concluded that Attorney General Clark was precluded from holding both offices.Id. at 123-24.
The significance of this case for purposes of your question concerning dual service in the U.S. Army Reserves and the Arkansas General Assembly lies in the court's determination that a reserve commissioned officer in the United States Army is not a "militia officer." As a consequence, it appears that the exception under Ark. Const. art. 5, § 7, supra, in favor of "militia officers" does not apply to an officer in the U.S. Army Reserves. Assuming your question applies to such an officer, it seems that the officer's election to either house of the Arkansas General Assembly would run afoul of art. 5, § 7.
Several other Arkansas constitutional provisions are of note when addressing one's dual service in the General Assembly and the Arkansas National Guard. Arkansas Constitution Article 5, Section 10 provides that "[n]o Senator or Representative shall, during the term for which he shall have been elected, be *Page 4 
appointed or elected to any civil office under this State." Ark. Const. art. 5, § 10. This provision is a prohibition upon a General Assembly member after he or she is seated. Williams,supra. See also Op. Att'y Gen. Nos. 2003-138; 97-025; 91-102. If the office you currently hold constitutes a "civil office under this State," your reappointment to that office — or your appointment to another position falling in this category — would contravene art. 5, § 10.[5] The Arkansas Supreme Court has defined a "civil office under this State," within the meaning of art. 5, § 10, as follows:
 "A civil office is a grant and possession of the sovereign power." [Citations omitted.] . . . "Any officer who holds his appointment under the government . . . is a civil officer." [Citations omitted.] The words "under this State" as used in the Constitution, mean under the laws of this State or by virtue of or in conformity with the authority conferred by the State as a sovereign. It embraces all offices created by the laws of the State as contradistinguished from other authority
Wood v. Miller,154 Ark. 318, 322-23, 242 S.W. 573 (1922) (citing State v.Spaulding, 102 Iowa 639, 72 N.W. 288 (1897), Mechem onPublic Officers, 24.) More recently, the court in State Bd. ofWorkforce Educ. v. King,336 Ark. 409, 416, 985 S.W.2d 731 (1999) observed:
 [A] civil office is "an office created by civil law within one of the only three branches of government provided for under the present Constitution of this state." Harvey v. Ridgeway, 248 Ark. at 46, 450 S.W.2d at 287. We added in Harvey
that Article 5, Section 10, "was designed and intended as a protection against the possible conflicts in interests a member of the legislature might have as an elected official with the power, influence and authority to create positions and offices, and the interest he might have as a private citizen who would desire to hold such civil office by appointment or election."
Determining whether any particular position in the National Guard constitutes a "civil office under this State" as described above may ultimately be a question of fact. I cannot resolve a question of that nature in the context of an Attorney General opinion. I can only note that questions may arise under art. 5, § 10 in the *Page 5 
event of your reappointment, or your appointment to another position in the National Guard. I note in particular that an officer in the National Guard likely holds an office in the executive branch of state government. See Op. Att'y Gen. 96-327. Additionally, your appointment to any other position that constitutes a "civil office under this State" would clearly contravene this constitutional provision.
The final constitutional principle requiring some mention is the "separation of powers doctrine" embodied at Ark. Const. art. 4, §§ 1 and 2, which provide, respectively, as follows:
 The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, to wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another.
 No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted.
After discussing the general characteristics of a commissioned officer in the National Guard, one of my predecessors concluded that such an officer "holds a state office in the executive branch [of the State government]." Ark. Op. Att'y Gen. 96-327 (copy enclosed). I agree, and refer you to the opinion for the analysis. As a consequence, a separation of powers issue would likely arise in the event of your reappointment or your appointment to another office in the National Guard.
Notwithstanding the foregoing potential Arkansas constitutional limitations, some mention should be made of a federal law that may preempt these limitations and provide authority for one's simultaneous service in the General Assembly and the National Guard or Army Reserves. In 1994, Congress adopted the preemptive Uniformed Services Employment and Reemployment Rights Act (the "USERRA"), 38 U.S.C. § 4301 through-4333. For the reasons explained in my predecessor's Op. No. 96-327 (see enclosure), a court might invoke USERRA as approving dual service in either the Arkansas National Guard or the U.S. Army *Page 6 
Reserves and Arkansas General Assembly.[6] See also Op. Att'y Gen. 2001-206 (reflecting another of my predecessor's concurrence with Op. 96-327's discussion of the USERRA.) I will not here repeat my predecessor's extensive discussion of this federal law. Instead, to summarize what I consider his pertinent conclusions: (1) the USERRA expressly preempts all state constitutional and statutory law on the same topic pursuant to the Supremacy Clause of U.S. Const. art. 6, see 38 U.S.C. § 4302(b); (2) the USERRA prohibits using the fact of an individual's "uniformed service" as a basis to deny him "employment,"see 38 U.S.C. § 4311(a); the term "uniformed services" includes the Army National Guard and the Army Reserves,see 38 U.S.C. § 4303(16) and McLain v. City of Somerville,supra at note 6; and (3) a public officer would likely be deemed "employed" under the USERRA.
In short, notwithstanding possible limitations under the Arkansas Constitution with respect to simultaneous service in the Arkansas General Assembly and the Arkansas National Guard or U.S. Army Reserves, dual service may be approved by the preemptive USERRA. I should note, however, that I am not an authority on this federal law. Consultation with federal officials and/or with the U.S. Attorney's office is advisable respecting the USERRA.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] I have no information to suggest that you are subject to reappointment, but it is necessary to mention this proscription when discussing Arkansas constitutional limitations on members of the General Assembly after they are seated.
[2] Subsection 12-61-101(a) states:
 The militia shall be divided into two (2) parts: the organized, consisting of the active and inactive Army National Guard and Air National Guard; and the unorganized, consisting of all those persons of the militia not in the active or inactive Army National Guard or Air National Guard.
[3] Article 6, section 22 provides in relevant part that the Attorney General "shall not hold any other office or commission, civil or military, in this State or under any State, or the United States, or any other power, at one and the same time[.]"
[4] Article 19, § 26 provides "Militia officers, and officers of the public schools, and Notaries may be elected to fill any executive or judicial office."
[5] As previously mentioned, I have no information to suggest that you are subject to reappointment. However, your question requires that this proscription be recognized.
[6] Cf. McLain v. City of Somervill,424 F. Supp. 329 (Mass. 2006) (regarding application of USERRA to reservists.)